PATSY SHEROD v. JENNIE K. EWELL, Appellant.

104   253
115   508

**Real Property:** ACKNOWLEDGMENT OF DEED: *Forged deed.* The fact that a deed to which the signature of a wife was forged was recorded, does not give one the right to rely upon her execution of the instrument when there is no protense that she acknowledged it, for an unacknowledged deed is not entitled to record. Code (McClain's) section 3113.

**Partition:** PRIORITY OF TITLE. The fact that real property was sold upon execution sale and the plaintiff's dower right thereby cut off, under McClain's Code, section 3644, cannot be urged by the defendant in an action for partition when such defendant does not stand in privity with the purchaser at such sale, but claims under a hostile title.

**Evidence:** PRESUMPTION OF DEATH. Undisputed evidence that a man has been absent from home and unheard from for seventeen years, although his family have continued to reside in the same place, will warrant the conclusion that he is dead; and his wife is entitled to dower in his lands.

**Adjudication:** ESTOPPEL: *Parties.* One not made a party defendant to an action is not concluded by the decree rendered therein.

**Pleading:** ESTOPPEL. An estoppel which is not pleaded cannot be taken advantage of.

*Appeal from Wayne District Court.*—HON. W. H. TEDFORD, Judge.

SATURDAY, DECEMBER 18, 1897.

ACTION for partition of certain land. Decree that plaintiff is the owner of the undivided one-third part of said land, and that the defendant is the owner of an undivided two-thirds part of said land, and confirming said respective shares, and ordering partition. The defendant appeals.—*Affirmed.*

*Freeland & Evans* for appellant.

*Miles & Steele* for appellee.

KINNE, C. J.—I.   From the pleadings and evidence the following facts are established: On and prior to September 25, 1877, plaintiff was the wife of Charles M. Sherod, and said parties lived together as husband and wife, in Wayne county, Iowa, on the land in controversy. As the fruit of said marriage, there were born to plaintiff and her said husband three children, who have always lived with the mother. On August 16, 1876, said Charles M. Sherod conveyed by warranty deed, to Amos C. Sherod, the land in controversy. Said deed purported to be signed by the plaintiff, but did not purport to be acknowledged by her. In fact, she never signed said deed, nor did she authorize any one to sign it for her. February 8, 1877, Amos C. Sherod (unmarried) executed and delivered to C. M. Sherod a warranty deed to said land. Prior to executing said last-mentioned deed, and on January 1, 1877, Amos C. Sherod (unmarried) executed a note to John M. Ewell for one thousand dollars, due January 1, 1882, and secured by a mortgage on the same land. September 25, 1877, Charles M. Sherod left his home, wife, and family, without cause, and has not been heard from by the wife or children since August, 1878. In 1879 said John M. Ewell procured a judgment and a decree of foreclosure of his mortgage on the land in controversy, and on March 13, 1880, received a sheriff's deed to the same on a sale had on an execution,

issued on said decree. Ewell and the defendants have had possession of said land under said sheriff's deed since its execution. October 23, 1877, one Lloyd Selby recovered a judgment in the district court of Wayne county, Iowa, against C. M. Sherod, and under an execution issued on said judgment said land was sold, and on December 18, 1878, he received a sheriff's deed therefor. Selby never went into possession of the land, or exercised any acts of ownership over it. June 15, 1895, Selby made a quit-claim deed of said land to the plaintiff. John M. Ewell died prior to the commencement of this action, and by his will he devised to the defendant all the right, title, and interest he had in said land. Appellant contends (1) that plaintiff relinquished her dower in the deed of date August 16, 1876; (2) that, if she did not sign the above-mentioned deed, she afterwards ratified the signing of her name thereto; (3) that the dower right of plaintiff (if any remained) was extinguished by the sale under the Ewell execution; (4) that the sale under the Selby execution extinguished plaintiff's right of dower.

II. Claim is made that the evidence does not warrant the conclusion that C. M. Sherod is dead. The rule, as laid down in 1 Greenleaf, Evidence (15th ed.), section 41, is: "But, after the lapse of seven years, without intelligence concerning the person, the presumption of life ceases, and the burden of proof is devolved on the other party." So, in 1 Jones, Evidence, section 57, it is said: "If a man leaves his home, and goes to parts unknown, and remains unheard from for the space of seven years, the law authorizes to those that remain the presumption of fact that he is dead." "A presumption of the death of a party does not arise until he has been absent, without intelligence concerning him, for the period of seven years." *State v. Henke,* 58 Iowa, 458; *Tisdale v. Insurance Co.,* 26 Iowa, 176; *Seeds v. Grand Lodge,* 93 Iowa, 175. A

multitude of authorities might be cited in support of the above rule. In this case C. M. Sherod had, at the time of the trial, been absent from his home for a period of almost seventeen years. The evidence is abundant and undisputed as to his absence, and that he has not been heard from by his wife or children for nearly seventeen years, though they have all of this time continued to reside in Wayne county.

III. It appears without conflict that plaintiff never signed, nor authorized her name to be signed to, the deed. The pretended signature of her name was a forgery. The pretended signature was not acknowledged. Whether or not plaintiff would be estopped by her silence, after knowing of the pretended signature of her name to the deed, we need not consider. It is sufficient to say that no estoppel is pleaded.

IV. The dower right of the plaintiff was not affected by the sale under the Ewell mortgage. She was not made a party to that action, and hence could not be concluded by the decree. Not having, in fact, signed the deed, and there being no pretense that she had acknowledged it, it was not properly or lawfully recorded, and it therefore imparted no notice, and no one had a right to rely upon the fact that the plaintiff had apparently signed the deed. McClain's Code, section 3113; *Willard v. Cramer*, 36 Iowa, 22; *Greenwood v. Jenswold*, 69 Iowa, 53.

V. Finally, it is said that the execution sale to Selby bars the plaintiff's right to any interest in the land. This claim is based upon the provisions of McClain's Code, section 3644, which reads: "One-third in value of all the legal or equitable estates in real property, possessed by the husband at any time during the marriage, which have not been sold on execution or any other judicial sale, and to which the wife has made no relinquishment of her right, shall be

set apart as her property in fee simple, if she survive him." It will be remembered that Selby sold this land on a judgment against the husband alone. Manifestly, this statute applies to the case of one holding an interest in land under or by virtue of the execution sale referred to, or who at least stands in privity to the purchaser under such execution and sale. Now, appellant derived her right, title, and interest to this land, if she had any, through the will of her father. That interest is not only not one of privity with Selby, but it is hostile and adverse to any interest he might have had by virtue of this sale and deed under his judgment. Appellant is not claiming title under Selby. She received no right from him, or by virtue of the sale to him, and therefore is in no sense in privity with him. She cannot, therefore, predicate a claim to this land upon a title to which she is not only a stranger, but which was held in hostility to the title under which she claims. The Selby sale is not, then, such a sale on execution as, in favor of the appellant, will bar plaintiff's dower claim. Our construction of the statute finds support in principle in the following cases: *Kitzmiller v. Van Rensselaer*, 10 Ohio St. 63; *Pixley v. Bennett*, 11 Mass. 298; *Robinson v. Bates*, 3 Metc. (Mass.) 40; *Malloney v. Horan*, 49 N. Y. 111. The decree below is AFFIRMED.