OF THE

STATE OF IOWA

AT

JANUARY TERM, 1910.

AND IN THE SIXTY-THIRD YEAR OF THE STATE.

---

ANNA MAGNESS and others, Appellees, v. MODERN WOOD-
MEN OF AMERICA, Appellant.

Insurance: PRESUMPTION OF DEATH FROM LONG CONTINUED ABSENCE:
EVIDENCE. A presumption of death from long absence is not
conclusive, but when shown to have continued for over seven
· years, unaccompanied by circumstances which reasonably account
for the disappearance on a theory not involving death, the pre-
sumption becomes sufficiently strong to cast the burden of re-
butting it upon the party asserting the continuance of life. In
this action to recover upon a benefit certificate the evidence is
reviewed and held sufficient to warrant a presumption of the
insured's death arising from long continued absence.

*Appeal from Johnson District Court.*—HON. R. P.
HOWELL, Judge.

WEDNESDAY, NOVEMBER 17, 1909.

REHEARING DENIED FRIDAY, FEBRUARY 15, 1910.

ACTION at law to recover upon a benefit certificate or life insurance policy issued by the defendant upon the life of W. H. Magness. There was a judgment for the plaintiffs, and defendant appeals.—*Affirmed.*

*Truman Plantz* and *Wade, Dutcher & Davis,* for appellant.

*John J. Ney,* for appellees.

WEAVER, J.—This case has been twice tried, and in each instance the issues of fact were determined in favor of the plaintiffs. On the first trial the verdict was set aside by the district court on defendant's motion, which was based on several distinct grounds, and on appeal to this court it was held that, in view of the large discretion vested in the trial court in the matter of granting new trials and the impossibility of determining from the record the precise ground upon which the motion had been sustained, the order granting a new trial should be affirmed. On being remanded a new trial was had to the court, jury being waived, and, as we have already said, there was judgment for the plaintiffs, and the defendant appeals.

In its argument to this court appellant bases its demand for a reversal of the judgment below upon the single proposition that the evidence is not sufficient to establish the death of W. H. Magness. The membership of said Magness in good standing in the defendant association, the relation of the plaintiffs as the beneficiaries of his certificate, and the amount recoverable, if any, are for the purposes of this case all conceded, and the single inquiry which we are to consider is whether, giving the evidence

the most favorable construction of which it is reasonably
capable in favor of the appellees, the jury could properly
find that W. H. Magness is dead.  We have no hesitation
in answering this question in the affirmative.  There was
no direct evidence of Magness' death; but the fact was
sought to be established by circumstances, the chief of
which was the disappearance of said insured person from
his home and from the knowledge of his family and friends
for a period of more than seven years.  The case as made
by the plaintiffs, and as the jury was at liberty to find the
truth to be, is substantially as follows:  On June 13, 1899,
Magness disappeared from his home in Iowa City.  He
was then thirty-six years old, married, and living with his
wife and two children, a daughter and son, aged, respec-
tively ten and eight years.  The relations between him and
his family were harmonious and affectionate.  He was
sober and industrious.  For several years he had worked
as a plasterer, receiving fair wages, when his health failed
to some extent, and he undertook an agency for the sale of
sewing machines.  In this he does not seem to have been
very successful and was somewhat indebted, but not in
such large measure as to weaken the courage of a man of
ordinary physical and mental resources and, as far as ap-
pears, he and his family were living in a reasonable de-
gree of comfort.  On the day last named he left home for
the ostensible purpose of delivering a sewing machine in
a neighboring town and never returned.  In September fol-
lowing his wife received a letter purporting to be written
by him from South Dakota inclosing $10, and saying he
would return home in October.  A few days later he wrote
again saying he wished to see his family and would try to
be there in October.  He further informed her he was
going to Minneapolis, and requested her to write him at
that city.  This she did on several occasions, but her
letters were returned undelivered, and since that time
neither she nor any of his family or friends have heard

from him or of him. Inquiries of his family relatives in other states failed to develop any traces of him after the receipt of the letters already mentioned. The principal amount of the indebtedness existing against him at the time he left home was settled or compromised by his wife soon after he went away. So far as appears there is nothing in the man's previous history, his habits, temperament, domestic relations, or business affairs which clearly indicates a purpose on his part to utterly repudiate his duty to his home, wife, and children and become a fugitive and wanderer. On the contrary, even though he went away on a sudden impulse to try and better his fortunes, the probability was still very great that he would soon, as in fact he did, open up communication with them, and that at no distant date he would return to them. Moreover, the fact, as shown, that he had for some time been in ill health, receiving advice and treatment from physicians, furnishes some substantial ground for belief that this total disappearance from the sight and knowledge of his family and friends was caused by his death.

It is unnecessary, we think, to go into a prolonged review of the authorities upon the extent of the presumption of death which attaches to the unexplained disappearance of a party from his home and family for a continuous period of seven years. In *Tisdale v. Insurance Co.*, 26 Iowa, 170, it was held that such a disappearance for even a shorter period might occur under circumstances giving rise to the presumption of death. It is there said: "Any facts relating to the character, habits, condition, affections, attachments, prosperity, and objects in life, which usually control the conduct of men and are the motives of their actions, are competent evidence from which may be inferred the death of one absent and unheard from, whatever has been the duration of such absence. A rule excluding such evidence would ignore the motives which prompt human actions and forbid inquiry into them in order to

explain the conduct of men. . . . No greater wrong could be done to the character of the man than to account for his absence even after the lapse of a few short months upon the ground of a wanton abandonment of his family and friends." The case cited and the doctrine there applied have frequently been recognized by this court as an authoritative precedent. *Seeds v. Grand Lodge,* 93 Iowa, 175; *Leach v. Hall,* 95 Iowa, 618; *Sherod v. Ewell,* 104 Iowa, 255. Authorities from other states are very numerous with no substantial variance in their holdings. The presumption of death from long absence is, of course, not conclusive; but, when it is shown to have continued for seven years or more unaccompanied by circumstances which reasonably account for his disappearance on a theory not involving his death, it becomes sufficiently strong to cast the burden of rebutting it upon the party asserting the continuance of life. 3 Elliott's Evidence, section 2010; 1 Greenleaf Evidence, section 41; *Cowan v. Lindsay,* 30 Wis. 589. Slight evidence may sometimes be sufficient to rebut the presumption of death; but ordinarily it is a question for the triers of fact to determine whether the presumption shall prevail. In short, the circumstances both for and against the theory of death are to be taken into consideration, and therefrom the truth arrived at as nearly as may be possible under the established rules of law governing the adjudication of disputed facts. This is an action at law, and though tried to the court its findings upon the facts are to have the weight and effect of a jury verdict.

We can not say that the judgment is without sufficient support in the record, and it is therefore *affirmed.*