[Civ. No. 2885.  First Appellate District, Division One.—December 2, 1919.]

## MARGARET DARRELL, Respondent, v. THE MUTUAL BENEFIT LIFE INSURANCE CO., Appellant.

[1] LIFE INSURANCE—ABSENCE OF INSURED FOR SEVEN YEARS—PRESUMPTION OF DEATH—ERRONEOUS INSTRUCTION.—In an action on a life insurance policy, an instruction to the effect that at expiration of seven years from the date the insured disappeared, without said insured having been heard from, he is presumed to be dead, and the beneficiary is entitled to recover on the policy, erroneously withdraws from the jury the consideration of the evidence introduced by the defendant to rebut the presumption of death, thereby raising the disputable presumption of death created by subdivision 26 of section 1963 of the Code of Civil Procedure to the plane of a conclusive presumption; and the error is of such substantial weight, affecting the vital issue of the case, as to be beyond the application of section 4½ of article VI of the state constitution.

[2] ID.—CONFLICTING INSTRUCTIONS—ERROR NOT OVERCOME.—In such action the giving of other instructions which correctly state the

---

1. Presumption of death from absence, notes, 2 L. R. A. (N. S.) 809; 28 L. R. A. (N. S.) 178; L. R. A. 1915B, 729, 740.

Facts sufficient to raise presumption of death in case of absence for less than seven years, note, Ann. Cas. 1916B, 67.

law simply produces a conflict in the instructions, but does not overcome the effect of the erroneous instruction.

[3] ID.—OVERCOMING OF PRESUMPTION—BURDEN OF PROOF ON DEFEND-ANT—EVIDENCE.—In such action, the plaintiff having made out a *prima facie* case, based on the presumption of the death of the insured, he not having been heard from within seven years, it is not necessary that the defendant prove that the insured is alive, but only that it produce evidence of such weight as will, in the minds of the jury, overcome the force of the disputable presumption of death. '

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Reversed.

The facts are stated in the opinion of the court.

Shelton & Levy for Appellant.

McClellan & McClellan and Edward Lande for Respondent.

BARDIN, J., *pro tem.*—The appeal is taken by the defendant from the judgment upon the verdict of a jury, in an action upon a life insurance policy, in which the plaintiff is named as the beneficiary. The vital question involved in the action is whether or not Loys Darrell, husband of the plaintiff, and the person whose life was insured, is dead or alive.

At the trial the plaintiff produced evidence showing that Loys Darrell and the plaintiff intermarried in the city of San Francisco in February, 1908, and that they continued to reside together in congenial relationship as husband and wife until the fourteenth day of August, 1909, upon which date the husband departed from his home in San Francisco, with the avowed purpose of going to the city of Sacramento, to be absent a day or two, whither he was going to make arrangements to exhibit some horses at a fair. At the time of his departure he had about one thousand dollars in cash in his possession. The testimony further shows that from the time of this departure his wife has never heard from him or of his whereabouts or whether or not he was living or dead, although a fair degree of diligence was exercised by her and some of the friends of the family, following his

disappearance, to ascertain whether or not he had met death or what in fact had become of him.   The plaintiff relies upon the presumption created by subdivision 26 of section 1963 of the Code of Civil Procedure as proof of her husband's death, which provides that a disputable presumption of death arises when a person is not heard from in seven years.

It is defendant's theory that the disappearance of Loys Darrell and his failure to communicate with his wife or friends at his home is to be accounted for, not by reason of his death, but because he deliberately absented himself from his home upon the occasion referred to, and has since inten-. tionally refrained from communicating with his wife or friends in San Francisco, and that the probable motives impelling him so to do arose by reason of certain financial difficulties which overtook him which might have led to proceedings of a criminal nature, as well, also, from the conclusion to yield to his desire to travel to distant parts of the world.   Evidence tending to support this theory was adduced at the trial which, if believed by the jury, was of such substantial weight as would have supported a verdict in favor of the defendant.

[1]   Among the instructions given by the court at the request of counsel for the plaintiff was the following: "I charge you that if you find that the plaintiff, Maggie Robinson Darrell is the beneficiary in the policy herein sued on; that the premiums were paid from June 8, 1909, until September 8, 1916, and that said policy was in full force and effect from the said eighth day of June, 1909, to and including the eighth day of September, 1916; that on the fourteenth day of August, 1909, the insured, Loys Darrell, disappeared from the City and County of San Francisco, State of California, and for the period of seven years from that date had not been heard from; that at the expiration of seven years from said date of August 14, 1909, the said Loys Darrell is presumed to be dead, then the plaintiff is entitled to recover on said policy, and you will find for the plaintiff."

The assault upon this instruction, standing alone, has been undefended.   Thus considered, the respondent has tacitly assented to the claims of the appellant that it constituted, under the circumstances of the case, an erroneous declaration of law and provided for, in effect, a directed verdict

not warranted by the state of the case. But the respondent endeavors to overcome the vice of the instruction by the argument that it should not be read apart from the rest of the charge of the court, but should be deemed modified by other instructions which correctly state the law, and that, if so considered, the conclusion must follow that the jury was not misdirected as to the law of the case.

This particular instruction is an unequivocal direction to the jury to return a verdict for the plaintiff, provided the jury find the facts to exist as stated within its terms, and which facts the defendant seems quite willing to grant could and did exist and without doing violence to defendant's theory of the case. As stated in appellant's brief: "The court has in effect charged the jury thus: Plaintiff is the beneficiary; the premiums were paid and the policy was in force. Darrell disappeared and has not been heard from in seven years. At the end of that time he is presumed to be dead. You will therefore find a verdict for plaintiff."

It will thus be seen that the court, by this instruction, withdrew from the jury the consideration of defendant's evidence, and raised the disputable presumption of death created by the statute (Code Civ. Proc., sec. 1963, subd. 26) to the plane of a conclusive presumption. This manifestly was error. (Code Civ. Proc., sec. 1961; *Mutual Benefit Life Ins. Co.* v. *Martin*, 108 Ky. 11, [55 S. W. 694]; *Fuller* v. *New York Life Ins. Co.,* 199 Fed. 897, [118 C. C. A. 227]; *New York Life Ins. Co.* v. *Holck*, 59 Colo. 416, [151 Pac. 916]; *Magness* v. *Modern Woodmen of America,* 146 Iowa, 1, [123 N. W. 169]; *Winter* v. *Supreme Lodge, K. P. of World,* 96 Mo. App. 1, [69 S. W. 662]; *Bonslett* v. *New York Life Ins. Co.* (Mo.), 190 S. W. 870; *People* v. *Wong Sang Lung,* 3 Cal. App. 221, [84 Pac. 843].) And it is error of such substantial weight, affecting the vital issue of the case, as to be beyond the application of section 4½ of article VI of the state constitution.

[2] It is true, as stated in respondent's brief, that the established rule is (quoting from *Weaver* v. *Carter,* 28 Cal. App. 241, [152 Pac. 323]): "If all the instructions taken together, and not being inconsistent with each other or confusing, give to the jury a fair and just notion of the law upon the point to which they are addressed, it is sufficient." But the instruction complained of is in utter conflict with

the other instructions referred to. The jury did not receive "a fair and just notion of the law" to guide them in the determination of the vital issue of the case. The effect of the instruction, if followed by the jury, was to withdraw from their consideration the only seriously disputed question in the case. Whether or not they followed the instruction complained of it is impossible to say. In *Pierce* v. *United Gas & Electric Co.*, 161 Cal. 176, [118 Pac. 700], it is said: "It is true that other instructions were given at the request of defendant that stated the law in these respects as favorably to defendant as was warranted, if not more favorably. But the giving of these other instructions simply produced a clear conflict in the instructions given the jury by the court, and it is impossible for us to say which instruction the jury followed in arriving at a verdict in favor of plaintiff."

[3] At the request of plaintiff the court also charged the jury that: "The presumption of death after continued absence of over seven years consecutively must be overcome by proof that the person is living."

The burden of proving the death of Darrell rested, throughout the case, with the plaintiff. Upon proof of the facts showing that he had not been heard from within seven years, the disputable presumption of death arose, and, assuming that the other essential elements of plaintiff's case were proven, a *prima facie* case was established in favor of the plaintiff. The burden of overcoming the effect of the presumption was then cast upon the defendant. Such presumption might have been overcome by offering direct proof that Darrell was alive. Or it was proper to produce evidence of a circumstantial nature tending to show that his absence and silence were to be accounted for, not because of death, but for some other reason, and in this connection it was proper to offer evidence, as was done, showing the circumstances under which the absent person left; his reasons, if any, for leaving or concealing his whereabouts; the state of his health, his age and any other relevant facts which might account for his absence upon some theory other than death. But it was not necessary that the defendant *prove* that the absent person was alive. It was only necessary to produce evidence of such weight as would, in the minds of

the jury, overcome the force of the disputable presumption of death.

The judgment is reversed and a new trial ordered.

Waste, P. J., and Richards, J., concurred.