S. H. McCOID et al., Appellants, v. MARY L. NORTON et al., Appellees.
No. 39245.

DECEMBER 14, 1928.

REHEARING DENIED MARCH 15, 1929.

*Bolter & Murray*, for appellants.

*L. W. Fallon*, for appellees.

ALBERT, J.—James McCoid and Emeline McCoid were husband and wife. They had ten children, among whom was Thomas V. McCoid, the father of S. H. McCoid, one of the plain-

tiffs. James McCoid owned a small tract of land near the town of Logan, Iowa. He died intestate on the 20th day of April, 1898. His wife, Emeline, by proper procedure elected to take a homestead right in this property. Shortly after the death of James McCoid, Thomas V. McCoid deeded his share in this property to his mother,—being, of course, a one-tenth interest in the land. The mother died intestate on January 1, 1924, and it is agreed by all of the parties that there were sufficient funds to pay all of her indebtedness without recourse to this particular tract of land.

Plaintiff S. H. McCoid and his wife bring this action for a partition of this land, alleging that the plaintiff is entitled to a 1/100 share of said real estate. This claim arises from the fact that S. H. McCoid claims to be sole heir to the share of his father, Thomas V. McCoid, which would be a 1/10 interest of a 1/10 interest formerly conveyed by his father, Thomas V., to his father's mother, Emeline, and descending from Emeline to her ten heirs.

By stipulation or admission in the pleadings, the following are the facts in the case:

Thomas V. McCoid, the father of the plaintiff, moved to Ainsworth, Nebraska, where he was married, the plaintiff S. H. McCoid being the only child of that marriage. Later, and prior to the death of Emeline, his mother, Thomas V. McCoid and his then wife were divorced. He then went to Spokane, Washington, where he married another woman. A child was born to them, who died; and they were divorced. A sister of Thomas V. McCoid's saw him in Spokane in the month of February, 1905. From that day until the trial of this case, nothing has ever been heard from him. It is stipulated that none of his relatives ever heard anything from him; that diligent search has been made and inquiry conducted to learn of his whereabouts, without suc-cess, and it is shown that he has been absent from his home or usual place of abode since that date. No intelligence has been received concerning him during said period by those persons who would naturally or rightfully have heard of or from him, if he had been living. With these facts so established, the plaintiff insists that he is entitled to a decree awarding to him a 1/100 interest in said property; and with this contention on his part we are disposed to agree. We had this question before us on

two different occasions, the first being in the case of *Sherod v. Ewell*, 104 Iowa 253. In that action, as in this, it was sought to partition certain lands, and the wife was asking that she have her dower interest set aside to her. The husband had disappeared in 1878. We there said:

"Claim is made that the evidence does not warrant the conclusion that C. M. Sherod is dead. The rule, as laid down in 1 Greenleaf, Evidence (15th Ed.), Section 41, is: 'But, after the lapse of seven years, without intelligence concerning the person, the presumption of life ceases, and the burden of proof is devolved on the other party.' So, in 1 Jones, Evidence, Section 57, it is said: 'If a man leaves his home, and goes to parts unknown, and remains unheard from for the space of seven years, the law authorizes to those that remain the presumption of fact that he is dead.' 'A presumption of the death of a party does not arise until he has been absent, without intelligence concerning him, for the period of seven years.' *State v. Henke*, 58 Iowa 458; *Tisdale v. Insurance Co.*, 26 Iowa 176; *Seeds v. Grand Lodge*, 93 Iowa 175. A multitude of authorities might be cited in support of the above rule. In this case, C. M. Sherod had, at the time of the trial, been absent from his home for a period of almost seventeen years. The evidence is abundant and undisputed as to his absence, and that he has not been heard from by his wife or children for nearly seventeen years, though they have all of this time continued to reside in Wayne County."

Again, in *Oziah v. Howard*, 149 Iowa 199, an action in partition, we said:

"Another brother had also died, but left surviving him a son, Frank Druse, the father of these plaintiffs. When Mrs. Howard died, Frank Druse had not been heard from by any member of his family, or by anyone who, so far as it appears from this record, would be likely to hear from him, for fifteen years. His wife, mother of the plaintiffs, had not heard from him for three years prior to securing a divorce in 1887, and was unable to learn where he was at that time. These plaintiffs have not heard from him since he left his home prior to the divorce, and efforts on their part to ascertain his whereabouts have been unavailing. One of his brothers, who has taken a special interest in the welfare of the plaintiffs, and who took charge of Frank

Druse's family after his desertion of them, has not heard from him for eighteen years. When last heard from, he was in Illinois. Under these circumstances, we think it sufficiently established by the record that Frank Druse had been absent from the state and unheard from by those who might reasonably be expected to hear from him, if alive, for more than seven years prior to the death of Mrs. Howard, and the presumption that he was then dead, and that the plaintiffs, as his heirs, became entitled to the share of Mrs. Howard's property which he would have inherited, had he been alive, must be entertained.''

The doctrine of these two cases being applied to the fact situation before us, it necessarily follows that the plaintiff S. H. McCoid is entitled to have the prayer of his petition granted, and that he is the owner of an undivided 1/100 of this land.

The defendants insist, however, that plaintiff has not brought himself within the provisions of Chapter 506, Code of 1924, and that he must do so before he is entitled to recover herein. With this we cannot agree. This chapter of the Code, Sections 11901 to 11911, inclusive, is intended only for the purpose of administering the estate of one who has absented himself for over seven years, as therein provided; and, of course, if it were sought to take out administration on the estate of Thomas V. McCoid, these sections would control. But this is not an action of the character covered by said chapter of the Code, but a partition case; and under the rule we have recognized, where the plaintiff proves that the defendant has been absent from the state for more than seven years, that no communication has ever been received from him by his relatives or friends who would have been most likely to have received such communication, and a diligent search has been made for him, and nothing can be found in relation to his present condition or whereabouts, then the presumption of death prevails. Of course, it is rebuttable, and the defendants would be entitled to produce any evidence which would tend to weaken or destroy this presumption; but, under the admitted and stipulated facts, there can be but one conclusion, and that is that the plaintiff made a case. See, also, as supporting this conclusion, *Richey v. Sovereign Camp W. of W.*, 184 Iowa 10; *Haines v. Modern Woodmen of Am.*, 189 Iowa 651; *Lemire v. National Life Assn.*, 194 Iowa 1245; *Axen v.*

*Missouri State Life Ins. Co.*, 203 Iowa 555.—*Reversed.*

STEVENS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.