IN RE ESTATE OF HANS SCHLICHT.

No. 42349.

APRIL 3, 1934.

Swan, Martin & Martin, and Frank P. Brennan, for appellant, F. C. Hector, guardian.

Cloyd Jones and G. C. Dalton, for appellees-administrators.

EVANS, J.—In October, 1924, Hans Schlicht, a then resident of Pottawattamie county, left the state for the purpose of a visit to his father in Monroe county, Mississippi. He did visit his father for a period of two months and left his father's residence in December, 1924. He has never since been heard *from* nor heard *of* by any person so far as his friends and relatives have been able to learn. He had lived in Pottawattamie county all his life and had property therein to the amount of approximately $11,000. His parents had been divorced many years before, after which the father took up

his residence in Mississippi and lived there until his death. One son also moved to Mississippi. The rest of the family, consisting of two sons and one daughter, continued to live in Pottawattamie county together with their mother. Hans had been born in that county and had never lived at any other place. This proceeding was commenced after the expiration of seven years. In the meantime the court had appointed a purported guardian to care for his property. An application was filed by the mother and by the brothers and by the sister praying administration of the estate. Hans had no children, either natural or adopted. He was at all times unmarried. His father died in 1926 and his mother was the sole beneficiary of his estate. All the procedure provided in such a case by statute was carefully followed, and a very diligent effort was made to learn the true cause, if possible, of his absence. The court first appointed an investigator with authority to make a thorough investigation and to learn all the facts that he could. For that purpose the case was continued. The investigator duly reported the result of his investigation, which sustained the allegations of the application. Continuance was granted nevertheless for the purpose of further testimony and further testimony was brought forward from time to time. Though the case was set for hearing in May, 1932, it was repeatedly continued from time to time and was not finally submitted until late in 1933. Notwithstanding the insistent resistance of the purported guardian and his profession of belief that the ward was still living, no fact was discovered that carried the slightest intimation that the absentee was still living. The guardian took an appeal from the order of the court and thereby carries his challenge to this court. He rests his appeal here upon one point stated by him as follows:

"Defense was made by the guardian who had previously been appointed to conserve the property of the absentee which was located within the State of Iowa, and the guardian raised the question, upon a motion to dismiss, that the facts showed that the absentee was not a resident of Iowa."

The appellant hereby challenges the jurisdiction of the court with the assertion that the undisputed evidence shows Hans to have been a resident of Mississippi. This premise is predicated solely upon the fact that Hans spent two months in Mississippi at his father's home. It is also contended by the appellant that the

record is silent as to whether he was a minor or an adult. Joe Turner, the investigator, testified that he had known Hans all his life and that he was born in Pottawattamie county and had never been out of the state of Iowa up to the time he made his visit to Mississippi, and that he was a man of full age at the time he lived in this state. The appellant's assertions of fact are predicated in part upon the claim that the evidence relied on by the appellee was not certified by the court. As against this, it is to be noted that according to the abstract filed by appellant, it does not appear that any of the evidence was certified by the court. It seems to be assumed in the argument of both parties that much of the evidence was not certified, and perhaps that some of it was. It will not avail the appellant to show that not all the evidence was certified.

It was incumbent upon the appellant to present here a complete record of all the evidence heard by the court duly certified; or else to show a proper bill of exceptions. If that duty was neglected, even as to a part of the evidence, it is fatal to the record for the purpose of review de novo, so far as appellant is concerned. For the purpose of this review, therefore, we must assume that all the evidence was certified or that none of it was.

To say that Hans was a resident of Mississippi is to infer the fact solely upon the circumstance that he spent two months there in a visit to his father. It does not appear that he made any disposition of his property when he left here, or that he left under circumstances indicating that he would not return. It has been wisely said that where a man's treasure is, there will his heart be also. If the owner of valuable property leave his home without making any disposition of the property or indicating any intent so to do, an inference that he intended to return is a natural one, and in accord with human experience and observation. The trial court properly drew such inference in this case.

In his argument, the appellant has not confined himself to the single point above stated. He has added thereto the assertion that the application does not allege that Hans was a resident of Pottawattamie county. The abstract presented by the appellant discloses that the application filed by the appellees described Hans Schlicht as "prior to December 12, 1924, a resident of Lincoln township, Pottawattamie County, Iowa."

The implication of the appellant seems to be that it is not sufficient for the appellees to allege the residence of the absentee as

of the day of his absenting himself. If he was a resident in October, 1924, his residence must be deemed to continue until the contrary is shown. Such presumption is not overcome by the mere showing that he left the county or that he actually visited his father in another state. The point therefore upon which the appellant rests his appeal is not well taken. Upon the record before us, Hans must be deemed to have been a resident of Iowa at the time of his disappearance, and such residence must be deemed to have continued up to the time of his presumptive death.

The appellees argue that the appellant has no standing herein because he was not a party to the proceeding. They further argue that the appeal should be dismissed for failure to file abstract within the statutory time. We will not go into these questions. It is enough that the order of the district court is clearly right and is fully supported by the record.

It is accordingly affirmed.

CLAUSSEN, C. J., and ALBERT, KINDIG, and DONEGAN, JJ., concur.