IN RE ESTATE OF HANS SCHLICHT.
(An absentee.)

JANIE WILLMS et al., Appellants, v. HONAS SCHLICHT et al.,
Appellees.

No. 43224.

APRIL 7, 1936.

REHEARING DENIED OCTOBER 2, 1936.

Swan, Martin & Martin, for appellants.

G. C. Dalton and C. S. Jones, for appellees.

PARSONS, J.—This case comes to us on an appeal by three appellants from the district court of Pottawattamie county, Iowa; some matters connected therewith were before this court

under the same title by the same appellants, as reported in 218 Iowa 114, 253 N. W. 847, which was affirmed by this court.

Hans Schlicht was a resident of Pottawattamie county, Iowa, a bachelor, who had accumulated property of the value of approximately $11,000. His parents had been divorced and his mother lived in Pottawattamie county. The father lived in Mississippi. In October, 1924, Hans Schlicht left Pottawattamie county for the purpose of visiting his father in Monroe county, Miss., and did visit with his father for about two months. He left his father's residence in December, 1924, and has never been heard from, nor heard of, by any person so far as his friends and relatives have been able to learn. He had lived in Pottawattamie county all his life. The father died within a few years after the visit of Hans, leaving the mother of Hans surviving him. A proceeding was commenced under chapter 506 of the Code, dealing with the estates of absentees. Application was made for the appointment of administrators on December 12, 1931, and one Turner was appointed to appear for the absentee and investigate the matters and things alleged in the application. On the 2d day of May, 1932, the matter was continued until the next term of court at Avoca, and in June, 1932, an order was made for hearing proofs and an order for the issuance of letters of administration upon the estate of the absentee, as though he were known to be dead. In a resistance to the appointment of administrators, the guardian previously appointed to conserve the estate of the absentee filed objections, and on December 15, 1932, filed further objections, setting forth an affidavit of a party who had seen Hans about the 9th or 10th of December, 1924, and that he knew Hans had left his father's home and had never returned, and that he left there about the 12th of December, 1924; that the affiant was around the home of Hans' father every day from December 12, 1924, up to the date of making the affidavit, October 28, 1931. The administrators set up another affidavit from Herman Schlicht and his wife, alleging Hans left about December 12, 1924; that the father died on December 17, 1926; and that they knew no letter was ever received from Hans after he left his father's. An order was made granting administration of the estate on the 19th day of February, 1933, and Honas Schlicht and Willie Schlicht were appointed administrators of the estate. From this order an appeal was made to this court, and the appeal resulted

in the decision in the case reported in 218 Iowa 114, 253 N. W. 847, under date of April 3, 1934.

The decision in that case held with the administrators and that it was properly brought in Pottawattamie county; that Margarette Schlicht, the mother of the absentee Hans, died, a resident of Pottawattamie county, and on the 27th day of January, 1934. No distribution having been made of the estate prior to that time, on the 17th of December, 1934, Honas Schlicht and Willie Schlicht filed a statement of heirship setting forth that on the last day of the seventh year from the date of the disappearance of Hans, the mother was living, and that her estate was entitled to the property. Objections were filed to this report, and a number of other alleged heirs were set out, all descendants of Margarette Schlicht and her former husband.

A statement of heirship by the administrators was filed on the last day of the seventh year from the date of the disappearance of Hans, and based on the thought that Hans was presumed to be dead, and the one who, under the statute, would be his legal heir on such date would be entitled to his property, and that Margarette Schlicht was such heir, being the sole surviving parent; and denied the claim of the other parties set out. In the objections filed by the appellants herein to the proposition that the mother was the sole heir, they state that at the time of the opening of the estate of Hans Schlicht, absentee, Margarette Schlicht, the mother, was living, but that prior to any distribution of the estate, and prior to the expiration of the year of administration, said Margarette Schlicht died, and that now, prior to said distribution and before the end of the year of administration of the estate of Hans Schlicht, absentee, the following were the heirs of the said Hans Schlicht, and set out the names of twenty-five persons, including the appellants.

The matter came on for hearing before the district court of Pottawattamie county, and after a hearing the Honorable Earl Peters, presiding judge, made a decree, of some length, and therein gave his opinion on the law governing the case, referring to the appeal determined in 218 Iowa 114, 253 N. W. 847, and to the case of McCoid v. Norton, 207 Iowa 1145, 222 N. W. 390; Hicks v. Modern Woodmen of America, 203 Iowa 596, 213 N. W. 236, and said:

"The time for determining the legal heirs and beneficiaries

of the said Hans Schlicht is as of the time when he was presumed to be dead, to-wit: in December 1931, and his mother Margarette Schlicht was alive at that time, and was his sole surviving parent; and the court finds that Margarette Schlicht is the sole legal heir of the said Hans Schlicht, absentee, and is entitled to all the property belonging to the estate. And that the objectors, the objectors herein, nor either of them, nor any one set out in their objections as heirs of said absentee, are entitled to share in said estate.'' From this order and decree an appeal was perfected, and that is the case here. The judge rendering the said opinion is one of the many able judges of Iowa, and we think that he was absolutely right in his decision in the case.

Section 11909, a part of chapter 506 of the code, dealing with the estates of absentees, reads as follows:

''Prior to any order of distribution, the court shall hear proof and determine the legal heirs and beneficiaries of said absentee, and their respective interests in such estate.''

A reading of this section shows just what it says: That before any distribution shall be made the court shall hear proof and determine the legal heirs and beneficiaries of the absentee, and their respective interest in the estate. Who was the legal heir of Hans Schlicht? Who would be entitled to his property had he died a natural death? Who would have been heir to his property at the time of his death?

It is the statutory rule in this state that where one dies without children or issue, and unmarried, if the parents survive, then the parents become the heirs and take the property. And it is further provided that if one of the parents is dead, the portion which would have gone to such deceased parent shall go to the surviving parent, including the portion which would have belonged to the testate's spouse had one been living. Sections 12017 and 12025, Code of 1931, now Code 1935. So if at any time prior to the death of his mother, Hans had actually died, his mother then would have become and would have been the heir of his estate; the father being dead.

There is a presumption of law that one disappearing as Hans Schlicht did, and under the circumstances shown herein, the presumption that he is dead arises at the close of seven years

from that time, to-wit, December 1931. McCoid v. Norton, 207 Iowa 1145, 222 N. W. 390. This presumption, however, does not go as to the time of his death. The presumption simply is, under such circumstances as shown in this case, that the party who disappeared is dead. That is to say, he was presumed dead at the end of seven years. Of course, this presumption is rebuttable; but in the absence of any showing as to the disappearance of the party, and not having heard from or about him by the parties who would naturally hear from or about him, he is deemed to be dead at that time.

We do not mean to hold that death may not be presumed from circumstances much shorter than at the end of seven years. In Tisdale v. Connecticut Mut. Life Ins. Co., 26 Iowa 170, 96 Am. Dec. 136, the rule is laid down that the death of an absent person may be presumed in less than seven years from the date of the last intelligence from him, from facts and circumstances other than those showing his exposure to danger which probably resulted in his death. But, of course, there being no showing of exposure to danger liable to result in death at the time of the disappearance, or after, there would be no presumption that he died short of the seven years. But the circumstances might have been such that there would be a presumption of his death, rebuttable of course, even before his father died, but a few years after his disappearance.

"No one is heir, of course, while the ancestor lives," is an old adage of the law. Heirship commences when death takes place. The disappearance and continued absence under the circumstances in this case raises a very strong presumption of death, as laid down in the McCoid case. It is there held that a rebuttable presumption of death arises from the unexplained disappearance of a person for seven years from his usual place of living. Here there was no explanation whatever, no testimony to rebut this presumption, and therefore it must be held upon this record that seven years from the time he left his father's place in Mississippi the law presumed him to be dead. Hence, he being legally dead is the same as though he actually departed this life, for the purposes of determining the distribution of his property. His mother was his sole surviving heir under our statutes; the property is located in this state. Our law determines the descent. So she became seized as heir of all the rights in the property owned by the absentee in his lifetime. Hence,

894

no brothers or sisters, no collateral relatives, became or were heirs.

Our other statutes fix the descent of property. The application for administration was right wherein it said Margarette Schlicht was the sole heir. It would be a forced construction, not permissible, of chapter 506 to hold that any single section of that chapter repealed or modified in any way any of the sections of the chapter bearing upon the descent of property. Section 11909, relied on, does not bear such construction. It says the court shall hear proof and determine the legal heirs and beneficiaries of said absentee and their respective interests in the estate, and that this must be done prior to any order of distribution. As the mother succeeded as sole heir of his property at his death, so she succeeds as sole heir to his property when his death is presumed by law. His death was presumed seven years from his disappearance. He disappeared on the 12th day of December, 1924. The chapter quoted and relied upon cannot affect the provisions of the other sections of the Code fixing heirship.

So, for the reasons pointed out in this opinion, the decision of the lower court is affirmed.

DONEGAN, C. J., and ALBERT, STIGER, HAMILTON, MITCHELL, KINTZINGER, and RICHARDS, JJ., concur.