HEIRS AT LAW OF WILLIAM WARD, Deceased, v. COCHRAN.

**Practice:** ON APPEAL: STATUTE OF LIMITATIONS. Where judgment of the court below is rendered on a claim which, on its face, appears to be barred by the statute of limitations, the supreme court will, on appeal, and where the testimony introduced in the court below is not embraced in the record, presume that facts were presented showing that the claim was not in fact barred, and affirm the judgment.

*Appeal from Washington Circuit Court.*

WEDNESDAY, APRIL 30.

THIS is a proceeding in the settlement of an estate. The facts are stated in the opinion.

*Patterson & Rhinehart* for the appellants.

*McJunkin & Henderson* for the appellee.

COLE, J. — The plaintiffs and appellants are the heirs at law of William Ward, deceased, and the defendant and appellee is his widow and administratrix. She presented an account against the estate, for cash received in 1852, on the sale of land, $850; and on sale of house, $75, and for interest on same at six per cent, $777, making total, $1,702. A special administrator was appointed to pass upon the claim. He indorsed thereon, " examined and admitted to be correct," and signed it. On the same day the county judge indorsed on it, " examined and allowed in class No.    , this 5th day of December, 1864," and signed it. A final settlement was made by the administratrix, May 29, 1871, in which she was allowed for the payment of the above claim. Immediately after the settlement was made and at the same term of court, these appellants filed exceptions to the final report and settlement and contested the correctness of said claim. Their exceptions were overruled, and they have appealed.

There is no evidence contained in the abstract, showing upon what the circuit court acted. The presumption is that the court acted correctly. Proof may have been introduced showing that the claim, though on its face it appears to be, was not, in fact, barred by the statute of limitations. Inasmuch as no error is affirmatively shown, the judgment must be

Affirmed.