RAMSEY v. ABRAMS.

1. **Partition**: ESTATES OF DECEDENTS: ADVANCEMENT. Evidence considered and held to support the decree of the court below, that certain conveyances made by the decedent to his grandsons, prior to his death, were intended as an advancement of the full share of his estate to which they would be entitled.

2. ———: APPEAL: FROM DECREE SETTLING INTEREST. The decree settling and confirming the shares and interests of the respective parties, contemplated by section 3289, Code, is the proper judgment to be reviewed upon an appeal by the parties who are excluded from any interest in the land.

*Appeal from Harrison Circuit Court.*

THURSDAY, JUNE 8.

ACTION in chancery for the partition of lands. Two of the defendants, whose claims for shares of the real estate were denied by the decree of the court, appealed therefrom. The facts of the case appear in the opinion.

*J. W. Barnhart*, for appellants.

*Smith & Clyde*, for appellee.

BECK, J.—I. This action was brought to partition 198 acres of land owned by Benajah Abrams at the time of his death. Plaintiff is a daughter of the deceased and defendants are another daughter, a son, two children of a deceased son, and his widow. There is no dispute as to the share of the widow which was allowed

*1. PARTITION: estates of decedents: advancement.*

her by decree of the Circuit Court. Plaintiff alleges that she and her sister, Mrs Rodgers, are entitled to what remains of the land after the share of their mother is set apart. Her claim excluding her brother and the heirs of her deceased brother from share of the estate, is based upon the alleged fact that they received from her father in his life time, gifts of money and conveyances of land by way of advances upon their shares of his estate, and that the amount and value of their advancements equaled the value of the shares which will be set apart to the other heirs, if they be excluded from further benefits by the decree of partition. The Circuit Court upon a trial of the case on the merits, found the facts to be as claimed by plaintiff and partitioned between the widow and the two daughters of the decedent, excluding the son George W. Abrams and the grandsons Robert and Seymour Abrams from any interest or shares in the estate. The grandsons unite in the appeal; no other defendants join therein. The case involves the question whether the grandsons Robert and Seymour received property from their grandfather by way of advancement, which will deprive them of the right to a share of the lands. The question is one of fact, as we think; no disputed principle of law is brought in question.

II. It cannot be doubted that if it appears the appellants received land from their grandfather which was intended by him as an advancement of their shares of his estate, they are not entitled to any part of the land in question. And we think there can be no question but such an intention may be shown by circumstances and facts satisfactorily supporting such a conclusion. We think the evidence before us sufficiently supports the decree of the court below and requires us to find that the appellants did receive from the grandfather 130 acres of land intended by him as a full share of their father in his estate. The decedent conveyed to the appellants during the life of their father 120 acres; they were then small boys. Ten acres had before been conveyed to their father by the grandfather. No consideration had been paid

for these lands. The testimony shows that when these conveyances were made, the apppellants' father was very poor and in bad health and that the decedent entertained the intention of conveying to his grandsons the part of his lands which would be equal to the share their father would be entitled to receive from his estate. The land conveyed to the appellants and their father was, in fact, equal to the share they would, as heirs, be entitled to receive from the estate of their grandfather. From these and other facts disclosed by the testimony we reach the conclusion that the lands conveyed to appellants and their father were intended by their grandfather as an advancement of the full share to which they would be entitled as his heirs. Under this view of the case the appellants are not entitled to a share of his estate. As we have stated George W. Abrams does not join in the appeal. The decree of the Circuit Court so far as it affects his rights, is not therefore subject to review.

III. The plaintiff insists that the appeal ought to be dismissed for the reason that it was not taken from the final judgment in the case. The appeal was taken from the decree settling and confirming the shares and interest of the respective parties contemplated by Code, section 3299. The statute contemplates that after such a decree the lands shall be partitioned according to the respective rights of the parties; when this is done a final judgment is rendered declaring that "the partition be firm and effectual forever." Code, § 3296. The appeal appears to have been taken from the decree settling the interest of the parties contemplated in section 3289. This, in our opinion, is the proper judgment to be reviewed upon an appeal by the parties who are excluded from an interest in the land. As to them it is a final judgment, for it finally disposes of their claims by a denial thereof. The decree to be entered, confirms the shares as they are alotted to the parties who are found entitled to the land. The parties whose claims are denied are put out of the case by the first decree. Plaintiff's motion to dismiss the appeal must be overruled.

2. APPEAL: from decreer settling interest.

IV. The plaintiff also moves to affirm the judgment of the court below for the reason that all the evidence offered and admitted upon the trial is not shown to be before us. The motion is overruled, as we think it is not sustained by the facts disclosed by the record. Further notice of this point of the case is unnecessary in view of the fact that we affirm the judgment of the court below upon the merits.

AFFIRMED.