B. JOHNSON v. JOHN OTTO, JULIA A. OTTO and THE SIEG IRON COMPANY, Appellants.

**Mechanic's Lien:** STATEMENT. Under Code, section 3092, requiring that a statement of account be attached to the affidavit for a mechanic's lien, setting forth the time when the different items thereon were furnished, mere inaccuracies in fixing the time do not defeat the lien.

**Appeal:** PRESUMPTIONS. It will be presumed in support of a decree foreclosing a mechanic's lien, that the evidence warranted the conclusion of the court that some of the material was furnished within the statutory period before the commencement of the action, although the statement of account attached to the affidavit for a mechanic's lien as required by Code, section 3092, shows a date beyond the statutory period as that on which the last item of material was furnished.

*Appeal from Warren District Court.*—Hon. J. H. APPLEGATE, Judge.

FRIDAY, MAY 20, 1898.

ACTION by plaintiff to foreclose a mechanic's lien on a part of a lot in Bevington, Warren county. The Sieg Iron Company also brought suit to foreclose its mortgage, executed by John and Julia A. Otto, and this action was consolidated with that of plaintiff, and a cross-petition filed by said company, asking for the same relief. The defendants pleaded, among other things, that plaintiff's action was barred by the statute of limitations. There was a judgment for plaintiff, and a decree establishing it as a first lien, and also a decree foreclosing the mortgage of the Sieg Iron Company. The defendants appeal.—*Affirmed.*

*Steele & Robbins, Granger & Bennett,* and *J. W. Bollinger* for appellants.

*S. W. Lee,* and *Henderson & Berry* for appellee.

LADD, J.—The plaintiff filed his petition March 13, 1896, alleging therein that he furnished lumber, hardware, and other material to the defendant John Otto, to be used in the erection of a dwelling house on a part of a lot owned by him. A mechanic's lien was filed May 11, 1894. The defendant executed his note of two hundred and five dollars and fifty cents, for the balance due, February 10, 1894. The last two items of the account attached to the mechanic's lien, and on which the action is based, are dated February 10, 1894, and the items last previous are dated December 9, 1893. John Otto acknowledged service of the original notice March 10, 1896, and the same was placed in the hands of the sheriff of Scott county for service, and served on

the Sieg Iron Company March 11, 1896. No notice was given Julia A. Otto, but she appeared voluntarily, and filed an answer, April 8, 1896. The answer of the Sieg Iron Company, and those of John and Julia A. Otto allege that no material was furnished by plaintiff under his contract after December 9, 1893. The court entered a decree in favor of plaintiff, as prayed, but found the items of February 10, 1894, were not furnished. The evidence is not before us.

The appellants rely upon an assignment of error to the effect that the court erred in entering a decree for the plaintiff, when, according to its findings, more than two years and ninety days had elapsed between the furnishing of the last item and the beginning of the action. If the last items were furnished not later than December 9, 1893, then two years and ninety-one days had elapsed before the action was begun, and it was barred by the statute of limitations. *Squire v. Parks,* 56 Iowa, 407; *Dimmick .v. Hinkley,* 57 Iowa, 757. While section 3092 of the Code requires the statement of account attached to the affidavit for a mechanic's lien to set forth the time when the material was furnished or the labor performed, mere inaccuracy in fixing the time will not defeat the lien *Bangs v. Berg,* 82 Iowa, 350. If the items of December 9th were in fact furnished a few days later, then the right to maintain the action was not barred by the statute. Every fair presumption must be indulged in favor of the correctness of the decree, and, in order to uphold it, we infer that the evidence warranted the conclusion of the court that some of the material was furnished some days after December 9th, though the time was fixed as of that date, or earlier, in the statement of account and petition. See *Ward's Heirs v. Cochran,* 36 Iowa, 432.—AFFIRMED.