STATE OF IOWA v. F. H. GIFFORD, Appellant, AND H. E. J. BOARDMAN.

**Mulct Law Violation:** SINGLE DOOR. Under Acts Twenty-fifth General Assecmbly, chapter 62, section 17, clause 3, providing that the sale of liquors shall be carried on in a single room, having but one entrance on a public business street, and that compliance with conditions therein is a bar to prosecution under the prohibitory law; and section 19, declaring that, on violation of such provisions, persons engaged in the business shall be liable to prosecution for penalties provided, where defendant caused a door to be opened from a single room in which he conducted his saloon into a back room, where he stored liquors, and through which he carried beer and ice to the saloon, it was not error to grant perpetual injunction from carrying on a liquor nuisance, as the statute was violated by maintaining such door, though only for the convenience of the proprietor and his employes.

MISTAKE OF LAW NO DEFENSE. Defendant's violation of law through mistake of law furnished no excuse.

ATTORNEY FEE ON APPEAL. In an action for an injunction to abate a liquor nuisance, the attorney is herein and on appeal allowed a fee of $25.00 in this court.

**Original Notice:** DEFECTIVE COPY SERVED: *Review on appeal.* Where, in a suit to enjoin a liquor nuisance, a default against the owner of real estate was set aside, and the petition dismissed as to him, on the ground that the amended return of the sheriff showed that the copy of the original notice delivered to him did not contain a description of the real estate contained in the notice, and it does not appear on appeal what the original notice did contain, the decree will be affirmed.

*Appeal from Marshall District Court.*—HON. OBED CASWELL, Judge.

THURSDAY, MAY 24, 1900.

ACTION to enjoin a liquor nuisance. Decree was entered as prayed against all of the defendants except H. E. J. Boardman. As to him the petition was dismissed. F. H. Gifford and the state appeal, that of Gifford being first perfected.—*Affirmed.*

*J. M. Parker* for appellant.

*B. F. Cummings,* County Attorney, and *J. L. Carney* for the State.

*C. H. E. Boardman* for H. E. J. Boardman.

LADD, J.—There was no error in entering a decree against Gifford. According to his own testimony, he had violated at least one of the conditions on which the bar to proceedings under the prohibitory law depended. He testified that, after beginning business under the mulct law, he caused a doorway to be opened from the single room in which he conducted his saloon into a back room, in which he used to store liquors and through which he carried beer and ice to the saloon from the alley. In maintaining this doorway from the back of his saloon into a storeroom, he disregarded the plain prohibition

of the statute. It is the existence of the entrance or exit other than that allowed which is condemned, and not its use for any particular purpose. No exception is contained in the statute, and a doorway may not be maintained even for the convenience of the proprietor and his employes. *State v. Bussamus,* 108 Iowa, 11; *Ritchie v. Zalesky,* 98 Iowa, 589.

II. Under section 19 of chapter 62 of the Acts of the Twenty-fifth General Assembly, the bar of the statute was removed by the violation of the condition contained in the third clause of section 17, requiring that the "selling or keeping for sale of intoxicating liquors shall be carried on in a single room, having but one entrance or exit, and that opening upon a public business street." This bar having been removed, the remedy by injunction under the general prohibitory law might be invoked by the state. The appellant urges that, as he did not intend to break the law, he should not have been held to have kept his place for the unlawful traffic in intoxicating liquors. Whether, in event of a mistake of fact, as where sales are made to minors under the reasonable supposition that they are of age, a writ of injunction ought to issue, we do not determine. But a mistake of law furnishes no excuse, for that every one is presumed to know, and this particular provision is too explicit to be misunderstood.

III. The petition alleged that Boardman was owner of the premises, and also that he, with others, was maintaining a nuisance. The court entered a default, but subsequently, as to him, dismissed the petition. The return of the sheriff, as amended, shows "that the copy of the original notice delivered to H. E. J. Boardman did not contain any description of the real estate contained in this notice." What the original notice did contain, does not appear. Every presumption must be indulged in favor of the correctness of the decree. *Johnson v. Otto,* 105 Iowa, 605. And, in the absence of any showing to the contrary, it will be assumed that the notice did not advise Board-

man that any relief was sought against the premises in controversy. No claim was made against him, except as such owner.

An attorney's fee of twenty-five dollars will be taxed in behalf of the plaintiff's attorneys for services rendered in this court.

Some other matters are discussed, but what we have said disposes of the case, and the decree, on both appeals, is AFFIRMED.