CECILIA RADLE, Appellee, v. FRANK RADLE, Appellant.

**JUDGMENT: Vacation—Insufficient Motion.** A final decree of divorce 1 may not be vacated, even during the term at which it was entered, on a motion by defendant which alleges that no witness was sworn or testified in the cause, and no corroborating testimony was offered, but which is silent as to any showing that plaintiff had no cause of action or that defendant had a defense to plaintiff's action or that there was fraud in obtaining the decree.

**DIVORCE: Decree—Incompetent Testimony in Disregard of Statute.** A 2 final decree of divorce, rendered by a court which has jurisdiction of the subject-matter and of the parties, is not void because no witness was sworn or testified in the cause and no corroborating testimony was offered.

DE GRAFF, VERMILION, and MORLING, JJ., dissent.

**NEW TRIAL: Procedure—Failure to Preserve Record.** Though a mo- 3 tion to vacate a final decree for erroneous proceedings which *preceded* the decree be treated in the appellate court as a motion for a new trial, yet movant cannot prevail when he deliberately permitted such proceedings to take place in the trial court without any record preservation, and seeks in his motion proceedings to establish them by mere affidavit and extraneous testimony.

**DIVORCE: Decree—Consent Decree—Insufficient Showing.** The mere 4 fact that a defendant in divorce proceedings makes, during the

trial, certain concessions of fact does not render the decree a *consent* decree.

**Headnote 1:** 19 C. J. p. 173.  **Headnote 2:** 19 C. J. p. 168 (Anno.)
**Headnote 3:** 4 C. J. p. 558; 19 C. J. 190 (Anno.)  **Headnote 4:** 19 C. J. p. 148 (Anno.)

*Appeal from Cherokee District Court.*—H. F. WAGNER, Judge.

### JULY 1, 1927.

After decree in the district court, the defendant filed a motion to vacate and set aside the same. From an order denying the motion the defendant has appealed.—*Affirmed.*

*T. E. Diamond,* for appellant.

*Molyneux, Maher & Meloy,* for appellee.

EVANS, C. J.—The decree assailed by defendant's motion was one of divorce. The main action in which the decree was rendered is not before us, except as a matter of evidence. In October, 1925, the plaintiff brought her action for divorce against the defendant, in Cherokee County. She averred the marriage of the parties in that county in 1920 and their subsequent residence therein. As ground of divorce she charged cruel and inhuman treatment. Such cruel and inhuman treatment consisted of alleged accusations made against her by her husband in letters written to her by him. She averred that such accusations charged her with immorality. Neither the letters nor the accusations were set forth by copy. In December, the defendant appeared, and filed an answer. This was, in substance, a general denial, qualified by certain admissions. He admitted he wrote "certain letters" to the plaintiff, but denied that they contained accusations of immorality. The case came on for trial on December 17, 1925, on which date the decree herein assailed was entered. This was an absolute decree of divorce, and awarded $1,500 alimony and the custody of the minor child. No reservations for future consideration were made therein.

On January 11, 1926 (said to be within the same term), the defendant filed a motion to vacate and set aside said decree.

The material part of such motion is contained in its first six paragraphs, and is as follows:

"1. That the above entitled action, being an action for divorce brought by the plaintiff against the defendant, and issue having been issuably joined therein by the defendant, interposing and filing an answer in due time, setting up a meritorious defense to the plaintiff's petition, which said plaintiff's petition and the defendant's answer thereto, forming a part of the files and record in the above-entitled action in said court, being by this reference made a part hereof, as fully and to the same extent as though herein set out at length, the plaintiff at no time was either sworn as a witness in said cause, nor did she personally offer any testimony in said cause, at any time prior to the decree, or at any subsequent time.

"2. That no witness whatsoever was ever sworn to testify, nor did any witness whatsoever testify, in said cause, upon any issue therein at any time prior to, or at any time subsequent to, the rendition and entry of said pretended decree.

"3. That there was no corroborating testimony of any kind, character, or description offered or adduced to or before said court at any time prior to the rendition and entry of said pretended decree, in corroboration of any testimony whatsoever, as required by law.

"4. That the defendant could not, and did not, give any attorney, or any other person whomsoever, the right, power, and authority to render and enter, or to cause to be rendered and entered, the said pretended decree as a default decree or otherwise.

"5. That said court was wholly without jurisdiction and without power to render and enter said decree or pretended decree without the personal testimony of the plaintiff herself, and without her deposition, and without any sworn testimony of any other witness whomsoever.

"6. That, by reason of the fact that the said decree, or pretended decree, was rendered and entered without the personal testimony of the plaintiff, and without her deposition, and without the sworn testimony of any other witness, the said decree is void, is a nullity, is contrary to public policy, and is an attempt to sever and destroy the marital status theretofore

existing between the parties to this action, in a manner contrary to the law and public policy of this state."

This motion came on for hearing in the district court on January 16th. At such hearing, the defendant introduced evidence tending to support the averments of fact contained in his motion. From such evidence it appears that, on December 17th, both parties appeared at court, in person and by attorneys. An agreement was reached on the subject of alimony, in advance of a hearing before the court. The case being on call, plaintiff's attorney produced certain letters claimed to contain the false accusations, and in the presence of the court submitted the same to defendant's counsel. He thereupon, in the presence of opposing counsel, stated to the court the substance of their contents. The statement was conceded by opposing counsel as substantially correct. The evidence was not made of record, nor was there any request that it should be so made. The contents of the letters are not disclosed in this record. That is to say, no proof of their contents was offered in support of this motion. The letters were before the court, but it does not appear that the judge actually read them. He expressed views as to the character of the accusations as constituting cruelty. No record was preserved of such expressions, nor do they appear in this record. That is to say, there is no record evidence of the procedure had in the main case.

I. The first question confronting the defendant is whether the district court had any jurisdiction to sustain his motion. Were the averments of his motion such, if proved, as would authorize the vacation of the decree?

The decree entered in the main case was in no sense tentative, but was in all respects final. Upon its entry, the parties thereto went "hence." There was thereafter no power in either party to call the other back, nor in the court to call either party back, except in the mode provided by statute. It appears from this record that the defendant's motion was filed within the term. This being so, the implication would naturally arise that the defendant intended to follow the statutory procedure for the vacation of judgment, as provided in Chapter 552, Code of 1924. But the motion in its averments does not conform to the statutory procedure. It does not in terms purport to be made in pur-

1. JUDGMENT: vacation: insufficient motion.

suance of the statute. Nor does the defendant's argument here on appeal predicate any right upon such statute. Indeed, such statutory procedure is not referred to in such argument.

Some of the specific averments of the motion are: That the plaintiff was not sworn, and did not testify in her own behalf. That she offered no corroborating evidence. That no witness was sworn. That no witness testified. These averments are somewhat amplified in the argument here, to the effect that there was no proof of the residence of either plaintiff or defendant, and that there was no proof of the genuineness of the signature of the defendant to the letters relied on by plaintiff. There was no averment of fraud or collusion. The argument of defendant here disclaims any intention to charge fraud. There is a statement, in defendant's affidavit in support of his motion, that the decree was obtained by collusion, but he expressly avers that he had no part in it. The motion does contain an averment that the defendant never authorized anyone to cause said decree to be rendered.

It will be noted that these averments of fact contained in the motion are strictly confined to alleged errors occurring at the trial. There is no averment therein which challenges any *fact* essential to a cause of action. There is no suggestion therein—much less an averment—of a valid defense to the cause of action. Though defendant contends that no proof of residence in Cherokee County was made upon the trial, yet he does not aver the nonresidence of either party. Though he contends that his signature to the letters was not proved, yet he does not deny the same. Chapter 552, Code of 1924, provides specifically the following:

"12796. The judgment shall not be vacated on motion or petition until it is adjudged there is a cause of action or defense to the action in which the judgment is rendered."

The defendant made no averment, nor did he offer any proof of a valid defense. The court below could not, upon this record, have adjudged that there was a valid defense. Yet, under the statute, such adjudication was a condition precedent to a vacation of the decree. We hold, therefore, that the defendant has failed wholly to conform to the requirements of Chapter 552, Code of 1924. He is not, therefore, entitled to any relief under such chapter.

II.  It is, of course, true that, if the decree complained of was absolutely void for want of jurisdiction in the court, then it would be subject either to direct or collateral attack, and by procedure quite independent of the statute.  If, therefore, we should look upon the defendant's motion as an attack, either direct or collateral, upon a void decree, he is under no less burden of proving *facts* which negative the jurisdiction of the court. Errors committed by the trial court upon the trial will avail him nothing if the court had jurisdiction over the parties and the subject-matter.  If there be jurisdiction, the power of the trial court to err is as unassailable as its power to render correct decision.  Jurisdiction of the subject-matter of the divorce was conferred upon the district court by statute.  Jurisdiction of the parties to the divorce suit was conferred upon him by their appearance, provided that one or the other of them was a resident of Cherokee County.  The decree, having been entered by a court of record, is presumptive evidence of the facts essential to its jurisdiction.  The jurisdiction could be negatived by a showing that neither of these parties was a resident of Cherokee County.  No such contention is made, either by averment of the motion or by argument.  The sole and emphatic contention of the defendant is that, because of error committed by the trial court in the hearing of the case, in accepting concessions of counsel in lieu of sworn evidence as to certain facts, the jurisdiction of the court was destroyed, and its decree reduced to a nullity. The argument claims too much.  Even if it be granted that the procedure described by the defendant was one much to be deplored and disapproved, and that it presented reversible error, yet the jurisdiction of the court was not affected thereby.  The responsibility still rested upon the court to hear and to determine, pursuant to proper procedure, according to his best judgment.  And this is so even though his judgment erred in part, or even in whole.  The errors relied on might have warranted a new trial, under the statute, but no motion for a new trial was made.

2. DIVORCE: decree: incompetent testimony in disregard of statute.

Even if we could strain the point, and thereby treat the defendant's motion as one for a new trial, it would avail him nothing on this appeal.  The grounds of his motion are all laid

3. NEW TRIAL:   in the proceedings preceding the decree. They
procedure:
failure to pre-   are not based upon subsequent events, such as
serve record.   misconduct of court, counsel, or jury. The rec-
ord of such antecedent proceedings was, therefore, essential to
the consideration of the grounds of the motion. For the pur-
pose of review here, it is requisite that we have before us such
record, duly certified by the court. No such record was pre-
served. The defendant did not, at the hearing, ask for its pres-
ervation. He thereby waived it. If the defendant had asked for
such record and its proper certification, he would have had a
complete and adequate remedy by appeal. Manifestly, such
would have been his sole remedy. Was it any less his sole rem-
edy because of his failure to ask the preservation? Can he cure
the absence of record by mere affidavit and by the extraneous
evidence of witnesses who were not such at the hearing, and by
the mere ruse of a motion? Can these things function as a sub-
stitute for the certified record required by statute for the pur-
pose of review in this court?

Furthermore, no complaint is presented in his motion which
could not have been made before decree. The ground of com-
plaint was as obvious then as thereafter. Even if he were here
on appeal from the decree itself, supported by a certified record,
he would be limited here to complaints urged at the proper time
before the trial court, except, possibly, as to the question of
jurisdiction.

The defendant's answer to all this is: This is a *divorce* case,
and there can be no divorce granted by consent. His argument
is that any concession of fact made by his counsel was in the
4. DIVORCE: de-   nature of a consent to a divorce; and further,
cree: consent
decree: insuf-   that he never authorized his counsel to make any
ficient showing.   concession, either of fact or otherwise. It is,
of course, true that a divorce cannot properly be granted by
mere consent of the parties or by collusion. But it is not true
that a decree entered by default is, in any legal sense, a decree
by consent or by collusion. Still less is it true that such default
impairs to any degree the jurisdiction of the court. Likewise, if
a defendant does appear, and does resist the proceeding, by
answer or otherwise, he is under the same duty to make appro-
priate and timely objections as any other litigant. In this case,
the defendant not only had the right to ask that a record of the

proceedings be made at the hearing, but he had the equal right to waive it. Such waiver was not the equivalent of a consent to the decree. So far as is disclosed by the record before us, such as it is, the defense interposed was resolute until the defendant's counsel read the letters produced by plaintiff's counsel. These letters appear to have been of such character that neither the defendant nor his counsel deemed it to his interest to have them incorporated in a public record. From that point, the defense seems to have lost its vocal force. The fact that, from that point, active resistance waned, and that one or more concessions of fact were made by defendant's counsel, was not the equivalent of consent to a decree; nor did the resulting decree become thereby a consent decree. There is no claim of bad faith on the part of defendant's counsel, nor any claim that the fact conceded was not true, or was not readily provable.

What we hold is: (1) That the defendant's motion was not conformable to the statute, and could not properly have been sustained as a statutory motion; (2) that, if the motion be deemed a proper method of attack upon a decree alleged to be void for want of jurisdiction, yet the burden of showing such want of jurisdiction was not sustained, either by the averments of the motion or by the proof; (3) that, in so far as the motion serves to make complaint of errors in the procedure preceding the decree, such complaint came too late.—*Affirmed.*

STEVENS, FAVILLE, ALBERT, and KINDIG, JJ., concur.

DE GRAFF, VERMILION, and MORLING, JJ., dissent.

DE GRAFF, J. (dissenting).—This appeal is from the ruling of the trial court denying the motion of the defendant to vacate and set aside a decree in a divorce action.

Plaintiff filed her verified petition October 22, 1925. Defendant, in good faith, filed his verified answer on December 12, 1925, in which he denied the allegations of the petition, in so far as they charged him with cruel and inhuman treatment of the plaintiff, but admitted that the plaintiff and defendant intermarried on the 15th day of May, 1920, at Cherokee, Iowa, and lived together as husband and wife for approximately four years; admitted writing certain letters to the plaintiff, but denied that he accused her therein of immorality; admitted that a

child named Reba Radle was born to them; but denied every other material allegation of plaintiff's petition.

Temporary alimony and suit money were allowed *pendente lite,* in the sum of $150, which was thereafter paid by the defendant. The decree of divorce was entered December 17, 1925.

On the 11th day of January, 1926, one of the regular days of the November, 1925, term of the district court of Iowa in and for Cherokee County, and during the term in which said decree was entered, the defendant filed the motion in question, to set aside the decree, on the grounds that, during the trial of said cause, no witness was sworn on behalf of the plaintiff; that the plaintiff herself did not personally offer any testimony, at any time prior or subsequent to the entry of the decree; that no testimony of any kind was offered or adduced before the court at any time during the pendency of the action, in corroboration of testimony of the plaintiff, as required by law; that the defendant could not and did not give any attorney or any other person whomsoever the right or authority to enter or cause to be rendered or entered, the said pretended decree, as a default decree or otherwise; that the trial court was wholly without jurisdiction to render or enter said decree without the personal testimony of the plaintiff herself, and without her deposition or without any sworn testimony by any other witness whatsoever; and that the marital status existing between the parties to this action has not been severed, and the defendant has not been divorced from plaintiff in the manner required by law. The defendant asked that he be granted a trial on the merits at the next term of court, to wit, the February, 1926, term.

This motion was supported by the affidavit of the defendant, Frank Radle; and, upon the hearing on said motion, the testimony of plaintiff's attorney and the testimony of the former acting attorney for the defendant were taken, bearing on the proceedings had at and prior to the entry of said decree. No other record is before us on this appeal, aside from the pleadings in the original action.

It appears without contradiction that, at the time the divorce action was called for trial, counsel representing the plaintiff and the then counsel for the defendant were present, but that neither plaintiff nor defendant was in court, unless it may be said, upon the best recollection of counsel then appearing, that

the parties litigant were near at hand, and subject to call. No witnesses were produced or sworn on the preliminary hearing when the allowance for alimony was made. Defendant's then counsel testified that the defendant never admitted to him "the charge or charges that she was making against him," and that the answer filed was "a good-faith answer in this case, denying the charges." Respective counsel did state to the presiding judge the nature and character of the evidence, which the court accepted as professional statements. No sworn evidence or testimony was offered upon the original hearing, either orally or by deposition. It is true that plaintiff's counsel was in possession of certain letters, which it is claimed were the foundation of plaintiff's allegations of cruel and inhuman treatment. The defendant, in answer, admitted writing certain letters to the plaintiff, and it may be inferred that the letters in court were the letters to which the answer refers; but the defendant denied, in answer, that he had accused her therein of immorality. The letters in possession of plaintiff's counsel were never identified, or offered in evidence upon the trial, but they were produced and handed to the trial court for inspection and reading.

The question for decision, from the viewpoint of appellant, under the facts herein stated, is: May a court grant a valid divorce to a plaintiff upon professional statements of counsel for the parties, without the introduction of evidence to sustain the allegations of plaintiff's petition? The answer must be found in the provisions of the statute governing divorce. The following sections (Code of 1924) have a material bearing on the question in issue:

"The petition must be verified by the plaintiff, and its allegations established by competent evidence." Section 10471.

"If the averments as to residence are not fully proved, the hearing shall proceed no further, and the action be dismissed by the court." Section 10473.

"No divorce shall be granted on the testimony of the plaintiff alone." Section 10474.

"Any judgment in a case pending, other than for divorce, which may be agreed upon between the parties interested therein, may at any time be entered, and if not done in open court, the judgment agreed to shall be in writing, signed, and filed with the clerk, who shall thereupon enter the same accordingly, and

execution thereon may issue forthwith unless therein otherwise agreed upon.'' Section 11579.

The instant decree is not a default decree, as both plaintiff and defendant were represented in court by counsel. The decree is rather to be viewed as *pro confesso* by respective counsel; and, unless it may be said that the statements of respective counsel in this case made to the trial judge at the time of the trial can be considered as ''competent evidence,'' within the purview of the statute, the motion of the defendant to set aside the decree should have been sustained. The defendant is standing upon his strict legal rights. There is no waiver or estoppel, nor is the doctrine of ''clean finger nails,'' as expressed in *Davenport v. Davenport* (Iowa), 200 N. W. 612 (not officially reported), applicable.

Respecting defendant's cause for changing counsel, or the provocation for his filing the instant motion, it is not for this court to reason why. There is no intimation that any reflection is intended to be cast upon the trial court, nor is any criticism directed by present counsel for defendant against the attorneys who appeared for the respective parties on the trial. Ethical standards are not involved. Apparently the defendant now insists and demands that he have a trial on the issuable facts and on the merits of the case.

Our divorce statute is specific. Consent decrees in divorce matters are not recognized, and in the teeth of our statute, cannot be recognized. None of the prerequisites to a decree of divorce will be taken for granted. It is not the intendment of the law that a decree of divorce should be granted for the mere asking. *Perry v. Perry,* 199 Iowa 685, with cases cited. It must be granted, if at all, in conformity to statutory requirements. For example, it is mandatory that the petition be verified. Section 10471, Code of 1924. This section was enacted, ''not for the benefit of defendants in actions for divorce, but as a hindrance to easy divorces,—a matter in which the state is concerned,—and it cannot be waived by the defendant.'' *Van Duzer v. Van Duzer,* 65 Iowa 625.

The legislation upon the subject of divorce is based on the idea that the status of marriage is indissoluble except for cause shown, and of the sufficiency of the cause the parties are not themselves to determine. Divorce is not one of private concern

merely. *Eikenbury v. Eikenbury,* 33 Ind. App. 69 (70 N. E. 837). The interest of the public in divorce cases is such that the courts proceed with practically the same formality as though the action were being contested by the defendant, and do not grant a divorce unless the plaintiff's proof shows that he or she is entitled thereto. 9 Ruling Case Law 441; 19 Corpus Juris 149; 7 Standard Encyc. of Procedure 798 *et seq.*

" 'A jealous anxiety to disregard every admission marks every step. Hence, no judgment passes by default, without proof; and if the defendant declines to appear, the courts are nevertheless bound to proceed with the same formality as if he were present and had maintained the keenest opposition.' " *Hancock v. Hancock,* 55 Fla. 680 (15 L. R. A. [N. S.] 670).

In ordinary cases, the parties may agree as to what facts should be submitted to the court, and may waive any right they do not desire to exercise. Section 11579, Code of 1924. In divorce cases, the policy of the state demands that the marriage bond shall not be broken except for a sufficient and legal cause, designated in the statute. *Fisher v. Fisher,* 95 Md. 314 (93 Am. St. 334).

The Supreme Court of Alabama held that the admission or confession of the adultery in the answer would not authorize the court to decree a divorce without proof of that fact in the ordinary method provided by the rules of law. *Richardson v. Richardson,* 4 Port. (Ala.) 467 (30 Am. Dec. 538). See, also, *Johnson v. Johnson,* 122 Ark. 276 (182 S. W. 897).

In the case at bar, may this court, under the provisions of the statutes heretofore quoted, substitute what is termed the professional statement of counsel for "competent evidence," within the meaning of Section 10471? I think not. It is true that an attorney is an officer of the court. He is admitted to the enjoyment of certain privileges, not as a matter of right, but upon proof of qualifications of fitness, educational, legal, and moral. That professional statements and admissions of counsel are competent and binding as a matter of evidence in certain classes of cases, cannot be questioned. It is said in *State v. Wilson,* 166 Iowa 309:

"It is elementary that admissions made in the course of judicial proceedings are substitutes for and dispense with actual proof of facts."

To the same effect is the language of the opinion in *Godwin v. State*, 1 Boyce (Del.) 173 (74 Atl. 1101), wherein it is held that admissions made by counsel in professional capacity in good faith and at the trial in open court are accepted in lieu of testimony.

Divorce, however, is in a different category.

Reference is made to the status of a professional statement by counsel in *Rice v. Griffith*, 9 Iowa 539. In that case, a motion to set aside a judgment by default was involved. The action was for recovery on a promissory note. Upon the hearing of this motion, the trial court received the professional statement of the attorney, to the effect that, at the previous term, he had made an appearance for the defendants, through mistake. We said:

"The professional statement of the counsel, being received, is to be regarded as an affidavit."

In *McMillan v. Osterson*, 191 Iowa 983, an injunctive decree by default, restraining the defendant from maintaining a liquor nuisance, had been entered, and a motion was filed to vacate and set aside the decree. Upon discovery of the entry, defendant forthwith, and within term time, filed his motion, accompanied by an answer and by an affidavit of merits, together with an unsigned affidavit by his attorneys. Under the circumstances, the unsigned affidavit was viewed by this court "as a professional statement by counsel."

Upon a careful review of the record in the case at bar, I reluctantly reach the conclusion that the requirements of the statute have not been met. The defendant is in a position to assert strictly his legal rights. The motion to set aside the decree should have been sustained.

I would reverse.

VERMILION and MORLING, JJ., join in the dissent.

MORLING, J. (dissenting).—The defendant has shown no rights meriting the consideration of the court. He was properly represented by counsel. No fraud or mistake prejudicial to his rights is shown. He has not proceeded under Chapter 552, Code of 1924, nor has he made out any case under that chapter. He may be dismissed from further consideration.

The nominal plaintiff and defendant are not, however, the only parties to this suit. Generally speaking, they are not the

more important parties. The state and (abstractly, if not concretely in this case,) the immature children are those most vitally interested in suits for divorce. The state and the public are parties by implication, and their rights are never lost by neglect or through the default, collusion, or fraud of the parties.

"The public, which we have seen to be a party in all divorce suits, occupies a unique position, sometimes embarrassing to the court. It does not ordinarily appear by counsel, and when without counsel, does not plead. As against this party, when only thus represented by what is called the conscience of the court, the plaintiff is entitled to the decree on his case, being duly and fully proved. But this party, unlike the others, never loses a right by laches; and so, whenever a defense comes out in the evidence, whether alleged or not, it is fatal to the proceeding. A maxim in these suits, therefore, is that a cause is never concluded as against the judge; and the court may, and to satisfy its conscience sometimes does, of its own motion, go into the investigation of facts not contested by pleadings." 2 Bishop on Marriage, Divorce and Separation, Section 663, quoted in *Grant v. Grant,* 84 N. J. Eq. 81 (92 Atl. 791).

See, also, *Allen v. Allen,* 73 Conn. 54, 55 (46 Atl. 242, 84 Am. St. 135, 49 L. R. A. 142); *Decker v. Decker,* 193 Ill. 285 (61 N. E. 1108, 86 Am. St. 325, 55 L. R. A. 697).

The family relationship is the steel framework of the state; and that it is being disastrously corroded by the liberal allowance of divorces and laxity of divorce laws and administration of them, is a matter of current comment and concession.

Divorces are entirely statutory. No person has a fundamental right to a divorce. Idem. For the protection of the state and the public morals, the legislature, in vesting the courts with authority to dissolve the marriage relation, has imposed, not merely upon the parties, but upon the courts, certain restrictions and conditions and limitations, within which only the court is authorized to exercise this statutory power. The petition must contain certain allegations, and these must be established by competent evidence. Sections 10470, 10471, Code of 1924. The hearings must be in open court, upon the oral testimony of witnesses, or depositions. Section 10472, Code of 1924. The parties are not permitted to agree upon the facts. Though they may be represented by counsel, not only of ability and

reputation, but of character, the court may not accept the statements of the counsel. The power of arriving at a conclusion, of passing upon the quality and sufficiency of the evidence and the conclusions that may be derived from the evidence, is vested, not in the parties or in their counsel, but in the court. The court may not evade this responsibility and accept the word and opinions of counsel, however eminent they may be in ability or character. It is not for the court, in such a case, to pass upon the reliability of counsel. The parties are not always represented by such counsel. The law has not opened to the court the door of temptation by permitting him to accept the word of counsel whom he believes to be of good character, and evade responsibility by accepting the word of counsel whose integrity he may doubt.

While it does not lie with this defendant to say that the cause for divorce was not proved, and was not passed upon by the court, it does lie with the state and the public to say so, and the lower court was required, in the interest of the state, to determine the question presented to it. If it neglected its duty, that duty now devolves on this court, and cannot be evaded by an appeal to the presumption supporting a judgment in its operation between private individuals. The lower court knew that the language of the law had not been complied with. That fact was called to its attention. It does not matter how or by whom the fact is brought to the attention of the court. It may be by an entire stranger, as in *Todhunter v. DeGraff*, 164 Iowa 567. We do not have to consider here a case in which the decree has passed to a finality, and has been acquiesced in, and in which a disturbance of the decree would or might operate to the prejudice of the public, as well as the parties. Even as between parties, the intervention of the rights of innocent third parties is not controlling. *Rush v. Rush*, 46 Iowa 648. The application in this case was made during the term. The entry was still under the control and subject to the further action of the court. Section 10801, Code of 1924.

"Even without such a statute as we have quoted, the court has undoubted inherent power to correct its own records, during the term, and to set aside, modify, or expunge any order, decree, or judgment theretofore ordered at the same term, and the power

exists until adjournment *sine die.*" *Todhunter v. DeGraff,* 164 Iowa 567, 575.

Most of the cases that have arisen, have been brought before the court on the application of a party to the suit who has been defrauded of his rights. The fraud committed is frequently both on the court and on the party. Here, the fraud is upon the law and its administration. The express command of the statute has been ignored. The court, instead of taking oral evidence or depositions, and considering and determining for himself whether the letters were obscene (obscenity is not ground for divorce), or whether they proved such inhuman treatment as to endanger the life of the plaintiff, took the statement of counsel, and, instead of passing his judgment, accepted their judgment. In effect, he shifted the responsibility, and this he ought not to have done. We have no right to tolerate such a disregard of the law and the rights and interests of the state and the children, if any. It does not matter that the defendant has not shown that the plaintiff had no right to a divorce, or that he has been prejudicially affected. It is shown, and it matters not by whom, that the plaintiff did not prove her right to divorce, and that the court took counsel's statement and counsel's conclusion, instead of taking competent evidence and passing his own judgment upon it. Under such circumstances, the divorce is a legal fraud upon the state and upon the law, and should be vacated. It matters not, at this stage of the case, whether the plaintiff may or may not be able to show that she is entitled to a divorce. She has not shown it. The court has not exercised his own judgment upon her right to it, nor does it matter that the defendant took no appeal from the judgment. The state, as represented by the judicial branch of the government, is not bound by defendant's failure to appeal, nor precluded by the laches or neglect of its officers. I think the judgment should be reversed, and the lower court ordered to vacate the judgment of divorce.