EVA B. MERRITT, Appellee, v. CARRIE LUDWIG-WIESE, Appellant.

No. 40418.

MARCH 10, 1931.

SUPPLEMENTAL OPINION APRIL 10, 1931.

 

Sloane & Sloane, and Lappen & Carlson, for appellant.

R. R. Nesbitt, for appellee.

MORLING, J.—The facts so far as the evidence is disclosed are quite uncertain. We gather that defendant was formerly the wife of C. W. Ludwig but has re-married. Plaintiff and Ludwig claim that Ludwig obtained a decree of divorce from defendant in Missouri on October 5, 1927. A certified copy of such a decree was offered in evidence but is not before us. Defendant offered in evidence a decree of divorce obtained by her in the District Court of Polk county, in this State, January 12, 1928, later amended. The latter decree was obtained on service by publication completed November 17, 1927. Plaintiff has a deed to the property in question which was delivered to her by Ludwig in October, 1927. This deed was offered in evidence,

but is not before us. We are unable to ascertain by whom the deed was executed or the date. The blank for the name of the grantee seems not to have been filled at the time of execution but to have been filled in with plaintiff's name afterward. Defendant objected to the offer of the deed because of apparent alterations. In the divorce suit in Polk county the plaintiff (defendant here) sued out a writ of attachment under which levy on the property in controversy was made October 24, 1927, and commissioner's deed executed February 15, 1928. Plaintiff contends that at the time the present defendant's suit for divorce was begun and at the time of the attachment and decree therein the relationship of husband and wife between the defendant and her former husband, Ludwig, had been dissolved; that Ludwig is not only acquiescing in but is asserting the validity of plaintiff's title; that there having been no marriage relationship between defendant and her former husband in existence either at the time of the conveyance to plaintiff or at the time of the institution of the suit for divorce in Polk county or at the time of the attachment the defendant's claim of title is without foundation and plaintiff's title, as against defendant, is absolute.

A number of other exhibits were in evidence in the court below but are not before us here either by abstract or otherwise. Included in the missing exhibits is an abstract of title to the offer of which plaintiff objected upon grounds that do not appear to be tenable. The abstract of title is essential to an understanding of the evidence. Defendant states in her abstract of the record that some of these exhibits, particularly the deed and abstract of title and the certified copy of the Missouri decree of divorce are not in her hands. Plaintiff asserts that she does not have them and they do not appear to be obtainable. Defendant appears to have done nothing in the way of an effort to substitute the missing records. Other elaborate exhibits offered in evidence are certified to us without any attempt to abstract them. It is the duty of counsel to abstract and thus present to this Court the evidence. The Court cannot undertake this duty for counsel. In order that this Court may try the suit *de novo* it must have before it the record made in the lower court presented in accordance with the statute and rules. Such a record is not here. The Court may not reverse or order a new trial because of the loss of evidence which

was before the trial court. The presumption is that the decree of the trial court is correct. Lowery v. Lowery, 140 Iowa 498. —Affirmed.

FAVILLE, C. J., EVANS, KINDIG, and GRIMM, JJ., concur.