JOHN F. ENSLOW et al., Appellants, v. SHERMAN MINER et al., Appellees; C. F. TINGWALD, Administrator, Intervener, Appellee.

No. 45270.

AUGUST 6, 1940.

REHEARING DENIED OCTOBER 18, 1940.

L. H. Childs and John L. Benbow, for appellants.

E. W. McManus, for Elmer Morgan, Grace Morgan Cook, and Helen Morgan, appellees.

B. B. Hesse, for Mary A. Morgan, appellee.

Johnson, Martin, Johnson & Phelan, for C. F. Tingwald, administrator of estate of Sarah Ann Enslow, deceased, intervener, and Alex Foggy, appellees.

HALE, J.—The record of this case as submitted to us in the abstract filed by plaintiffs shows that on July 29, 1931, plaintiffs filed a petition for partition of certain real estate in Lee county, consisting of a lot in Fort Madison and interests in three other tracts, all duly described. Apparently no further proceedings were had until March 1936, when parties were substituted for a defendant who had died, and on May 27, 1936, decree was entered fixing the shares of the different owners in the town lot, and appointing appraisers and referee. On application of referee order for sale and for payment of costs and partition of the proceeds was entered on June 11, 1936. Nothing further appears until December 7, 1937, when there was another application for substitution of parties. Thereafter, on January 7, 1939, a petition of intervention was filed by C. F. Tingwald, administrator of the estate of Sarah Ann Enslow, appointed by the probate court to succeed John F. Enslow, the former administrator. Such petition alleges lack of sufficient funds in said estate to pay expense of administration, and asks that funds be turned over out of the proceeds of sale of real estate, alleges removal of the former administrator, that he had wrongfully collected rents and refused to account therefor, and his indebtedness to the estate, with claim for payment. Plaintiffs thereupon, on January 23, 1939, filed motion to set aside the decree, alleging the property was a homestead, and referred to proceedings in the probate court in relation thereto. And on February 7, 1939, plaintiffs filed motion to dismiss Tingwald's petition of intervention, alleging various proceedings in the probate court, the record of none of which is shown in the abstract. The court on February 10, 1939, overruled plaintiffs'

motion to dismiss petition of intervention and motion to set aside decree of partition, and entered an order approving sale of real estate. On March 6, 1939, on application of referee, the court entered an order for payment of costs and taxes, and retention of balance of proceeds of sale in the hands of the referee. On March 21, 1939, Elmer Morgan, one of the defendants, applied to the court for an order of distribution. This was resisted by John F. Enslow, as a plaintiff, alleging incorrectness in the listing of the heirs' shares, resisting a charge for commission in sale, alleging that C. F. Tingwald had collected rent and not accounted therefor, alleging no report of sale had been filed, setting out that there are unsettled probate charges, costs, and other matters in the Sarah Ann Enslow estate; again setting up the homestead character of the property sold; asking accounting by the referee, and other relief.

On March 28, 1939, the court entered an order of distribution, fixing charges, granting to Tingwald, administrator, $591.30 for costs and expenses of the Sarah Ann Enslow estate, and directing that the share of John F. Enslow be turned over to such administrator and credited on indebtedness to the estate. On the same day, plaintiffs filed a lengthy amendment to the original petition, consisting of 21 paragraphs, making some changes in description of the real estate, asking decree and division of proceeds, that John F. Enslow be appointed referee, that one Alex Foggy be made a defendant and required to account for proceeds of corn alleged to be due the estate, and for various other orders. This was resisted by several of the defendants by answer filed April 14, 1939, and was followed on the 15th day of April by plaintiffs filing motion for rehearing and to set aside order (entered March 28, 1939), answer of plaintiffs to petition of intervention of C. F. Tingwald, and cross-petition of plaintiffs asking affirmative relief of C. F. Tingwald, intervener. This cross-petition alleges that the allegations of Tingwald asking authority to take charge of the realty of the estate of Sarah Ann Enslow were false and misleading, "that the findings of the court in the order authorizing C. F. Tingwald as administrator to take charge of said realty were

likewise untrue, false and contrary to the records of this court in the said estate; that said findings of the court were by mistake deliberately and knowingly made." This cross-petition attacks certain actions of the probate court in removing Enslow as administrator. But no proceedings of the probate court appear in the abstract, nor any evidence in relation to them. Cross-petition then further denies the right of Tingwald to the allowance for costs and expenses and asks restitution and judgment and other equitable relief. On order Alex Foggy was served with notice. Thereafter various orders were made. On April 28, 1939, the court overruled plaintiffs' motion for rehearing and reconsideration of the order of March 28th. On May 8th the court sustained the motion of intervener to strike plaintiffs' cross-petition filed April 15th. On May 8th the court sustained the motion of Alex Foggy to dismiss amendment and supplement to petition filed March 28th. And on May 8th the court overruled intervener's motion to strike plaintiffs' answer to petition of intervention. Plaintiffs then filed a replication to the answer of certain heirs and again referred to the probate proceedings in the removal of Enslow as administrator, alleging that the probate court and attorney for, defendants were in collusion, and further alleging mistakes in the action of the probate court. But again no part of the proceedings in the probate court appears in the abstract. Finally, as shown by the abstract, on August 28, 1939, eight years after the commencement of the action, a decree was entered, describing the real estate, showing the sale of the town lot, fixing the shares in the various tracts, appointing referee and appraisers, and impressing a lien against the share of John F. Enslow in the proceeds of sale for $826.52.

The final entry in the abstract sets out plaintiffs' motion to correct record and to set aside final decree. This consists of various allegations: That the court's statement that it had inspected the pleadings and heard the evidence is untrue; that all the issues involved were not heard and tried; that plaintiffs are entitled to a default against Foggy, and against Tingwald. Plaintiffs allege they objected to the entry of the decree pre-

pared and presented by defendants' attorney. An affidavit of plaintiffs' attorney forms a part of the motion, in which they further state that prior to the entry of decree they demanded a trial. This motion was submitted and overruled on October 11, 1939. Plaintiffs appeal from the final decree "and from each and every adverse ruling."

We have set out, perhaps more fully than necessary, the contents of the abstract, not altogether to show what it contains but also to indicate what it does not contain. Many references are made throughout to probate proceedings, but in no part of the abstract is there any attempt to set out the probate record or any detailed account of the proceedings of which general complaint is made. No showing of any evidence introduced, if any there was, is made as to matters of fact upon which the court must necessarily have passed throughout this long and involved litigation.

In this appeal, which is all-inclusive, the plaintiffs have appealed not only from the final order but from all adverse orders. Several of these orders and rulings were final and appealable; an example is the original decree confirming the shares. Ramsey v. Abrams, 58 Iowa 512, 514, 12 N. W. 555, 556. Nor does it appear that any appeal was taken from any of the probate orders complained of, which are referred to but not set out. So far as these appealable and final orders are concerned they could not now be considered.

In some respects this case is somewhat similar to the case of Baker v. Cutting, decided by this court in June 1938, and reported in 280 N. W. 548, but not included in the state reports. We merely refer to the case here. In some parts of the argument the language used, a small part of which is hereafter set out, while not so vehement as in that case, is by no means to be approved.

It is not practicable, nor do we deem it necessary, to take up all of the various assignments of error in plaintiffs' brief and argument. The first 18 assignments, many of which are subdivided, are grouped together with one argument as to all. In no case does the brief conform to our Rule 30; it does

not set out specifically and in concise language the complaint against the ruling of the court, and the brief of authorities contains a great deal of argument and is not set out as required by the rule. This division refers mainly to the errors in ruling alleged to have been committed by the trial court, in which at least the court was consistent, as practically all its rulings are alleged to be wrong. The second division, containing assignments 19 and 20, with subdivisions, refers to the action of the probate court and equity court, and is open to the same criticism as the preceding assignments. We must refuse to attempt to search for errors which are not indicated or set out in the manner prescribed by our rules. We have examined the abstract and the brief with care, and may add that many of the assignments in the brief have no record support, and, as stated heretofore, some are not appealable at this time. On this record the court should affirm.

However, we may briefly refer to another matter which we think renders it necessary to support the holding of the trial court.

It is apparent from what has been stated that the abstract shows that it does not contain all the record involved in the case and that we do not have before us any of the probate proceedings which entered into and controlled several of the rulings of the court. The claim of plaintiffs that they are entitled here to a trial de novo must necessarily fail because the record shows that we do not have before us the complete case. The record contains no certificate except that the statement of counsel is attached to the abstract. Plaintiffs certify as to the abstract containing all the evidence of record and all the pleadings, and state that there was no hearing in equity and trial, and they were prevented in their right to introduce evidence. But there is no showing of any record offered, or of any attempt to make a record, as they had a right to do. Code, section 11456. We have only the statement of counsel, and no certificate of any sort showing any offer of testimony or demand for further trial. We must take the record as counsel made it,

and cannot excuse the failure to make a complete case by the mere suggestion or statement of counsel.

 The presumption that the abstract contains the record, authorized by Code, section 12845-b1 [12845.1, Code, 1939], cannot be expected to apply when such record shows on its face that it does not contain all evidence or matters before the court of which complaint is made. In re Estate of Schlicht, 218 Iowa 114, 116, 253 N. W. 847, 848.

 In such a case plaintiffs cannot demand a trial de novo, and the presumption is that the decree is correct. Merritt v. Ludwig-Wiese, 212 Iowa 71, 72, 235 N. W. 292. The court in that case states:

"It is the duty of counsel to abstract and thus present to this Court the evidence. The Court cannot undertake this duty for counsel. In order that this Court may try the suit *de novo* it must have before it the record made in the lower court presented in accordance with the statute and rules. Such a record is not here. The Court may not reverse or order a new trial because of the loss of evidence which was before the trial court. The presumption is that the decree of the trial court is correct. Lowery v. Lowery, 140 Iowa 498 [118 N. W. 749]."

See also as to presumption in favor of the correctness of the decree, Johnson v. Otto, 105 Iowa 605, 75 N. W. 492; State v. Gifford, 111 Iowa 648, 82 N. W. 1034; Harrington v. Foster, 220 Iowa 1066, 264 N. W. 51; Radle v. Radle, 204 Iowa 82, 88, 214 N. W. 602, 604.

An examination of the record submitted to us inclines us to hold that, aside from the presumption that obtains in cases of this kind, the rulings of the court were correct. Our disposition of the case renders it unnecessary to rule on the motion to dismiss submitted with the case. We therefore, for the reasons heretofore given, hold that the decree and orders appealed from should be affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.