JOHN F. ENSLOW et al., Appellants, v. SHERMAN MINER et al., Appellees.

No. 45788.

JANUARY 20, 1942.

REHEARING DENIED APRIL 10, 1942.

L. H. Childs and John L. Benbow, for appellants.

Johnson, Martin, Johnson & Phelan, B. B. Hesse, and E. W. McManus, for appellees.

MILLER, J.—This is the second appearance of this litigation in this court. For our decision on the first appeal, filed August 6, 1940, see Enslow v. Miner, 228 Iowa 1117, 293 N. W. 516.

The abstract which has been filed in this case purports to be a supplemental abstract to the abstract filed on the first appeal. It sets out the application of plaintiffs and cross-petitioners filed May 3, 1941, for an adjudication of issues untried and still pending. It also sets forth an application filed March 3, 1941, in the estate of Sarah Ann Enslow, deceased, to transfer the probate proceedings to the equity docket. It is stated that on April 30, 1941, the court entered an order denying the application to transfer the probate proceedings to the equity docket, that on May 9, 1941, an order was entered denying the application to try issues pending and not adjudicated and on June 11, 1941, an order was entered approving the final report of the administrator in the estate of Sarah Ann Enslow, deceased. None of these orders are set out in the abstract. We have merely counsel's assertion that such orders were entered and that a notice of appeal therefrom was served and filed on July 19, 1941.

The appellees have filed a motion to dismiss the appeal which has been ordered submitted with the case. In the motion to dismiss, appellees assert that the abstract of record herein fails to disclose the record upon which the trial court reached his conclusion and therefore, that it must be presumed that the trial court reached the proper decision; that the abstract "consists largely of allegations, arguments and self-serving declarations of counsel concerning proceedings alleged to have occurred in the lower court with no record to support the same"; that there is no evidence set out from which this court can determine the correctness or incorrectness of the decision of the trial court.

In our opinion upon the first appeal, we state (228 Iowa 1122, 1123, 293 N. W. 519) as follows:

"We must take the record as counsel made it, and cannot excuse the failure to make a complete case by the mere suggestion or statement of counsel.

"The presumption that the abstract contains the record, authorized by Code, section 12845-b1 [12845.1, Code, 1939], cannot be expected to apply when such record shows on its face that it does not contain all evidence or matters before the court of which complaint is made. In re Estate of Schlicht, 218 Iowa 114, 116, 253 N. W. 847, 848.

"In such a case plaintiffs cannot demand a trial de novo, and the presumption is that the decree is correct. Merritt v. Ludwig-Wiese, 212 Iowa 71, 72, 235 N. W. 292. * * * ·

"See also as to presumption in favor of the correctness of the decree, Johnson v. Otto, 105 Iowa 605, 75 N. W. 492; State v. Gifford, 111 Iowa 648, 82 N. W. 1034; Harrington v. Foster, 220 Iowa 1066, 264 N. W. 51; Radle v. Radle, 204 Iowa 82, 88, 214 N. W. 602, 604."

Pursuant to the foregoing pronouncements, we are of the opinion and hold that appellants' purported abstract wholly fails to present the record with sufficient clarity or completeness for us to determine that there was any error in the decisions complained of. Upon such a record, the presumption of the correctness of the decree below pertains.

Accordingly, the appeal is dismissed.—Dismissed.

BLISS, C. J., and HALE, SAGER, GARFIELD, MITCHELL, WEN-NERSTRUM, and OLIVER, JJ., concur.