## Bradley *v.* Valicenti, Appellant.

404

Argued November 15, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Walter W. Riehl,* for appellant.

*Ella Graubart,* with her *Patterson, Crawford, Arensberg & Dunn,* for appellee.

OPINION BY WATKINS, J., January 21, 1958:

This is an appeal of Carmela Valicenti, from a final decree of the Court of Common Pleas of Allegheny County, granting a mandatory injunction against the

appellant and directing her to construct a retaining wall at the boundary line between her property and the property of the appellee, Betty H. Bradley.

The appellant and appellee are owners of adjacent lots. The appellant excavated for a driveway and the appellee filed a complaint in equity seeking a mandatory injunction. After hearing, a decree nisi was entered, granting a mandatory injunction, directing the appellant to construct a retaining wall to provide lateral support to the appellee's property. Exceptions were filed and after argument before the court en banc, were dismissed and a final decree entered.

The appellee purchased her lot in 1949. At this time the property was in its natural condition. There was no fill of any kind on the property. Her home was constructed on this lot in 1950 and she lived in the home ever since that time.

The appellant is the owner of the lot immediately to the East. A house was built on this lot in 1955. In September of that year the appellant began the construction of the driveway that is the cause of this action. The Western side of the driveway is along the boundary line between the two properties. It was cut for 4' 6", at its greatest depth, below the natural ground. There is five feet of land between the Eastern side of appellee's house and the Western side of the driveway or the boundary line of the lots.

The appellant gave no notice, oral or written, of her intention to make the cut along the appellee's property line. The land began to subside along the line of excavation and the evidence was uncontroverted that, about two feet of land had sloughed off into the driveway and unless a retaining wall was built, more of her land would be lost.

The general rule has been well stated by Chief Justice HORACE STERN, in *Warfel v. Vondersmith*, 376 Pa.

1, at page 3, 101 A. 2d 736 (1954). "As far as the rights and obligations of one excavating on his own property are concerned the law is so well established as to require no citations of the multitude of authorities. At common law an owner of land is entitled to have it supported in its natural condition by the land of the adjoining proprietor. This right to lateral support is a natural right, not simply an easement but an incident to the land,—a right of property attached to and passing with the soil. If the adjoining owner by excavation removes such support, thereby causing the land to fall, he is responsible in damages without regard to his degree of care or to the fact that the excavation may have been performed by an independent contractor."

The appellant argues that the general rule does not apply, except to ground in its natural condition. Here, there was evidence that a certain amount of fill was placed on appellee's land at the time of the construction of her home, and the land, therefore, was not entitled to lateral support.

The record shows that at the construction of appellee's home in 1950, some of the top soil was retained and enough dirt for backfilling and grading. The fill added to the land, however, was to the rear of the property and not to the area collapsing and threatened with collapse. The house itself was built on solid ground, all footings were on solid ground, and the subsidence that has occurred is near the street where the ground is still in the same natural condition, as before the construction of the home.

We feel that the rule with regard to lateral support applies here. Even, if after the construction of the house, certain of the excavated material was used for fill purposes, the passage of five years, the resultant use of the land and its exposure to the elements,

would make it ground in its natural condition, as viewed by the adjacent land owner and entitled to lateral support by the adjacent property.

The mandatory injunction was proper relief. The court below found as a fact that here, unless a retaining wall of some sort was built the ground would continue to slough off to the extent that the appellee would no longer be able to use the property between her house and the driveway for either a lawn or other landscaping use or as a passageway to the back of her property. As was said by President Judge RHODES in *Denhart v. Valicenti,* 157 Pa. Superior Ct. 143, at page 145, 41 A. 2d 884 (1945) : "Equity is the special forum for relief where there has been a trespass or nuisance of a continuing and permanent character. Gray v. Philadelphia & Reading Coal & Iron Co. et al., 286 Pa. 11, 16, 132 A. 820. The resulting injury caused by defendants' wrongful conduct interferes with the ordinary use of plaintiff's property. Pennsylvania Co. for Insurances on Lives and Granting Annuities et al. v. Sun Company, 290 Pa. 404, 409, 138 A. 909. In the improvement of their own property defendants have actually appropriated a portion of plaintiffs' land. A mandatory injunction to prevent the wrongful invasion of plaintiffs' right to the use of their property is proper."

Decree affirmed.