BESSIE A. GRAFF, GEORGE S. GRAFF, and EMMA O. GRAFF, his wife,
Plaintiffs,

*vs.*

WILLIAM J. RYAN and LOVETTE M. RYAN, his wife; and WILLIAM J. RYAN, INC., a Delaware corporation, WILLIAM J. PROSCENO, SAMUEL V. MIRABELLA, ANDREW P. SHIELDS and ANTOINETTE R. SHIELDS, his wife, ELMER E. WILSON and CATHERINE B. WILSON, his wife, and ALBERT H. GRIFFITH,
Defendants.

*New Castle, December 15, 1960.*

*Edward W. Cooch, Jr.,* of Cooch & Taylor, Wilmington, for plaintiffs.

*Donald W. Booker,* Wilmington, for defendants, William J. Ryan, Lovette M. Ryan, William J. Ryan, Inc., and Albert H. Griffith.

MARVEL, Vice Chancellor: Plaintiffs are the owners of a parcel of land in Brandywine Hundred which was conveyed to the deceased husband of the plaintiff, Bessie A. Graff, by Nelson L. Talley and wife on March 15, 1913. Access to such lands is had by means of a lane leading from Wilson Road, such lane having been included in the aforesaid grant as a conveyance of "* * * Also all that certain strip of land, now used as a roadway, being sixteen feet wide, lying along the Westerly boundary of other lands of said Nelson L. Talley, and leading from the Wilson Road to tract herein above described as No. I. Each of said parties hereto erecting and maintaining a line fence between said roadway and said other lands of said Nelson L. Talley."

Plaintiffs, who claim to be in possession of the lands acquired under the Talley deed, charge that on or about October 27, 1959, their neighbor, the defendant, William J. Ryan, and/or the defendant, William J. Ryan, Inc., purportedly working on what they claim is their parallel lane, excavated along the border of plaintiffs' 16 foot wide lane to a depth averaging 3 to 4 feet below the level of plaintiffs' lane, thereby removing the natural, lateral support which had previously existed along such lane. Plaintiffs contend that the defendants charged with such wrongful act, in the course of such excavation also trespassed upon plaintiffs' lands to depths averaging 12 to 18 inches thereby actually removing part of plaintiffs' lane. It is apparently conceded that since such excavation work the Ryan defendants have refrained from further injury to or invasion of plaintiffs' claimed

property, and there is accordingly no basis for interlocutory injunctive relief.

The relief sought by plaintiffs includes an order directing the restoration of the pre-existing lateral support to what plaintiffs claim is their lane, the enjoining of further such wrongful acts, and the award of damages. The defendants, William J. Ryan, Lovette M. Ryan, William J. Ryan, Inc., and Albert H. Griffith, have moved to dismiss the complaint for alleged lack of jurisdiction of the subject matter and on the grounds that the complaint fails to state a claim upon which relief can be granted.

In support of their request for injunctive relief it is contended by plaintiffs that the lane referred to in the 1913 deed to Fred Graff constitutes a unique piece of property, that damages for defendants' interference with such lane would not adequately compensate them for the wrongs complained of, and that in order for plaintiffs to have safe and adequate use of the only means of access to their lot the Ryan defendants must be mandatorily ordered to restore the lateral support which they have removed from the boundary of such lane.

There is no doubt but that the right to have land laterally supported in its natural state is recognized in Delaware, *Stimmel v. Brown*, 7 *Houst.* 219, 30 *A*. 996, as it is generally elsewhere, 2 *C.J.S. Adjoining Landowners* § 5, and *Annotation*, 36 *A.L.R.2d* 1253. There is also authority for the granting of mandatory injunctive relief to compel the restoration of wrongfully removed lateral support. *Gorton v. Schofield*, 311 *Mass.* 352, 353, 41 *N.E.2d* 12, 139 *A.L.R.* 1262. Furthermore, the case of *Suplee v. Eckert*, 35 *Del.Ch.* 428, 120 *A.2d* 718, clearly holds that an action of ejectment is available only to a plaintiff out of possession, and plaintiffs here claim to be in possession.

However, in an affidavit dated July 25, 1960, the defendant, William J. Ryan, has raised questions having to do with the ownership of and rights in the 16 foot wide lane referred to in the complaint, alleging that for upwards of 20 years other adjoining landowners have used such lane and that he not only has a right similarly to use such lane, but due to the ambiguous nature of the deeds cover-

ing the area in question that he "may be" one of the owners of the fee to such lane.

As plaintiffs point out, what the moving defendants have done in moving to dismiss is to admit the well pleaded allegations of the complaint and at the same time (notwithstanding the language of the 1913 deed) by affidavit to question plaintiffs' rights in the lane leading to their plot of land, and while I am satisfied that plaintiffs' claimed rights in the lane may be properly put in issue, I have no doubt but that mandatory injunctive relief would be an appropriate type of relief were plaintiffs' rights in the lane conceded and the facts clearly established plaintiffs' rights to have the natural level of such lane laterally supported by restoration work on the Ryan land in order to prevent hazardous driving conditions on plaintiffs' lane due to washing out and erosion resulting from allegedly malicious excavation on the part of the Ryans, *Gorton v. Schofield, supra,* and *Bradley v. Valicenti,* 185 *Pa.Super.* 403, 138 *A.2d* 238.

The problem thus presented is that of whether plaintiffs may seek to establish their title or other rights in such lane in this Court or be first relegated to law for the purpose of establishing their legal rights in such lane before seeking permanent injunctive relief here?

It is stated in 2 *Story, Equity Jurisprudence, 14th Ed.,* § 1233: "In actions respecting real property, where the plaintiff's right has not been established at law, or is not clear, he is generally not entitled to remedy by injunction; but where in a proceeding in equity the plaintiff's title is clear, and all of the evidence relating to it is of such a character that a judge in a trial at law upon the same evidence would not be at liberty to submit the question of the plaintiff's title to the jury, equity will grant relief although there has been no adjudication of the title at common law."

Opposing counsel have not precisely briefed this aspect of the case, and, in my opinion, such issue being basic must be fully examined and decided before this Court proceeds further with plaintiffs' claims for injunctive relief. Counsel are referred to an *Annotation* at 139 *A.L.R.* 165 and to § 26, *Injunctions,* 28 *Am.Jur. p.* 517, which may serve as starting points for an investigation of the question as to

whether or not plaintiffs' title or claim must be first established at law before having it protected or restored by injunction. Counsel may confer with the Court as to the proper procedure for disposing of such fundamental issue and also as to who should be before the Court in such procedure.

Having determined, however, that the complaint states a cause of action and is not vulnerable as a pleading to the jurisdictional objection raised in the pending motion to dismiss, such motion will be denied.

Order on notice.