**Leland J. JENKINS and Rita Jenkins, husband and wife, Appellees,**

v.

**Clarence PEDERSEN, Appellant.**

**No. 252.**

Supreme Court of Iowa.

Nov. 14, 1973.

Peters, Walker, Campbell & Pearson, Council Bluffs, for appellant.

Pogge, Root & Steege, Council Bluffs, for appellees.

Heard by MOORE, C. J., and RAWL-INGS, LeGRAND, REES and REY-NOLDSON, JJ.

REES, Justice.

This appeal is from the trial court's entry of a decree ordering mandatory injunctive relief auxiliary to a law action in which the law issues were tried to a jury and a verdict returned. We reverse the trial court.

Plaintiffs are the owners of a tract of approximately five acres, which they purchased from defendant, and which abuts the land of defendant, all in Pottawattamie County. The land was conveyed by defendant to plaintiffs on or about January 2, 1963, but at all times since June 16, 1959, plaintiffs' land has been occupied by them either as renters or owners.

Since the acquisition of the land by plaintiffs, the parties have had disagreements with reference to the boundaries between their respective properties and a driveway on or near the boundary lines, said driveway having been established and having been in existence since prior to the time plaintiffs moved onto the land in question, and said driveway being the only means of ingress or egress to or from the lands of the plaintiffs.

On May 16, 1966 plaintiffs filed their petition at law, in which they asserted that since their acquisition of the premises they had graded, improved and maintained the driveway above referred to, and had constructed a turnaround or cul-de-sac proximate to their dwelling house; that in the summer and fall of 1964 and again in 1965 the defendant deliberately and maliciously plowed ditches opening certain terraces on his lands to the north and west of plaintiffs' premises, thereby diverting surface water drainage onto the lands of plaintiffs, to their damage in that the diversion of such surface waters damaged and destroyed their driveway and turnaround.

In their petition plaintiffs further allege that in the summer or fall of 1965 defendant constructed a diversion dike parallel to and abutting a substantial portion of the driveway immediately to the north thereof, and that said dike was constructed by the defendant deliberately and maliciously for the sole and express purpose of diverting surface drainage water from his higher land to the north and east of plaintiffs' land onto said driveway, and that the diversion of such surface water washed away the dirt and grading improvements plaintiffs had made to their driveway.

Plaintiffs further allege in their petition that the acts of the defendant in constructing a dike and in diverting surface waters from his terraces, resulted in changing the natural water course of the drainage from his premises to a large ditch, and prevented the escape of waters, or substantial parts thereof, through a ditch on defendant's premises, and diverted them unlawfully onto plaintiffs' land.

Plaintiffs further allege that on September 6 and 7, 1965, as a consequence of a five- to eight-inch rainfall, and as a direct and proximate result of the defendant's acts in erecting the dike and opening his terraces, their driveway was damaged and destroyed and new grading and dirt placed thereon by plaintiffs was washed away,

and the turnaround, or cul-de-sac, was damaged and destroyed in substantial part.

Plaintiffs asserted that the fair and reasonable value of the labor, services and materials necessary to repair the damage resulting from the acts of the defendant was $2000, and further alleged that the defendant's acts were deliberate, willful and malicious, and were calculated to damage and destroy plaintiffs' land, for all of which plaintiffs were entitled to recover punitive or exemplary damages from defendant in the sum of $15,000.

Plaintiffs, in their petition, further alleged that they would continue to suffer damage in the future from the acts of the defendant, who, they asserted, would continue to divert water onto plaintiffs' land and commit other acts and wrongs to plaintiffs in violation of their rights; that they had no plain, speedy or adequate remedy at law for such repeated wrongs, and that unless they were awarded an auxiliary mandatory injunction in addition to the other relief prayed for in their petition there would be a multiplicity of litigation for each repeated wrong. Plaintiffs therefore prayed that in addition to the damages prayed for in their petition that they have auxiliary relief in the form of a mandatory injunction compelling the defendant to close the diversion dike constructed along plaintiffs' driveway, and for such other and further injunctions and auxiliary relief as the court might find just in the premises.

The issues were made up by the filing by defendant of an answer denying all of the affirmative allegations of plaintiffs' petition and asserting affirmatively that at the time of the construction of the driveway by plaintiffs, as alleged in their petition, that the plaintiffs acted in complete disregard of the natural water course existing on and about the real estate which the plaintiffs had purchased from the defendant, and that as a consequence of such disregard, any and all natural waters falling on or about the real estate were forced

to follow an unnatural course erected, established and set by plaintiffs directly adjacent to the northerly and easterly edges of the driveway, and that the damage, if any, that occurred to the plaintiffs as the result of said unnatural erosion was the direct and proximate result of the acts of the plaintiffs themselves, combined with acts of God and forces of nature.

The matter was tried to a jury, and on November 15, 1968 the jury returned its verdict in favor of plaintiffs and against the defendant, and fixed the amount of their actual damages at $1925. The jury allowed no recovery to plaintiffs by way of punitive and exemplary damages.

There was submitted to the jury the following special interrogatory:

"Do you find that any of the injury for which you have allowed damages was caused by the existence of the dike along the fenceline to the North of plaintiffs' property?"

This interrogatory was answered by the jury in the negative. This, too, was dated November 15, 1968.

Thereafter, on June 5, 1969 the court entered its order and decree in which it recited that plaintiffs had filed their petition praying for damages for diversion of water, and that said matter had been presented to a jury, and the jury had awarded damages to plaintiffs; and that plaintiffs, in their petition, further prayed for auxiliary relief in the form of an injunction to compel defendant to remove an alleged diversion dike constructed along plaintiffs' driveway, and that the court, having taken the matter under consideration and being fully advised, made the following findings of facts:

"1. That the defendant constructed a dike on his property immediately to the North of the driveway of the plaintiffs and on the South bank of a drainage ditch.

"2. That the evidence further shows that said dike prevents normal and natural drainage of water to said drainage ditch.

"3. That said dike should be removed by the defendant to allow the normal and natural drainage of the surface water."

The court thereupon ordered, adjudged and decreed that defendant remove, or cause to have removed, the so-called dike constructed immediately to the north of plaintiffs' driveway, which is along the northern portion of plaintiffs' property, within 45 days from the date of the filing of the order, and provided that said dike was to be removed and the ground leveled so as to prevent interruption with the natural flow of water to the drainage ditch on defendant's land, and that in event defendant failed to remove the dike within 45 days from the filing of the order, the sheriff of Pottawattamie County was ordered to cause said dike to be removed and the costs thereof taxed as a judgment to the defendant.

The record does not disclose any intervening motion or application on the part of plaintiffs subsequent to the verdict of the jury on November 15, 1968, and the entry of the order and decree on June 5, 1969, and it would therefore appear that the order and decree of the court of June 5, 1969 was entered by the court sua sponte. Neither does the record reflect any notice to either plaintiffs or defendant of the fact the court was giving further consideration to the matter prior to the entry of the order and decree last referred to.

Defendant relies upon the following propositions which he contends require reversal:

(1) Mandatory injunctive relief granted pursuant to rule No. 320, Rules of Civil Procedure, in connection with a law action is equitable in nature and its propriety is to be reviewed by the Supreme Court as a de novo matter.

(2) In order to sustain a decree of mandatory injunctive relief to a private citizen, the court must find substantial injuries, threatened harm, a prospect of damages in the future, or at least definite assurances that the complaining party suffers from or is faced by the same from the act or instrumentality to be mandatorily enjoined.

(3) When a jury's answer to a special interrogatory under rule No. 206, R.C.P., is consistent with its general verdict, the ultimate facts so found are conclusive and binding upon the court.

The plaintiffs advance the following propositions upon which they rely for affirmance:

(1) An action for injunctive relief is in equity and as such is triable de novo in the Supreme Court.

(2) A dominant landowner is entitled to drain surface water in the natural water course but cannot substantially increase or change the manner or method of drainage to the injury of the servient owner.

(3) When surface water has a fixed and certain course, its flow cannot be interrupted to the injury of an adjoining proprietor, and equity will enjoin the obstructing of such natural flow of water when necessary to prevent irreparable harm or when the complaining party is without an effective remedy.

(4) The finding of the jury as to a special interrogatory is not conclusive upon a court of equity in deciding whether or not injunctive relief should be granted.

■ I. While the action of the plaintiffs is at law, the relief afforded plaintiffs by the order of the trial court under date June 5, 1969 was for injunctive relief and is, in our judgment, equitable relief. Both parties as will be noted above concede that our review of the court's order of June 5 is de novo. Under our de novo review, we give weight to the fact findings of the trial court, but are not bound by them. Rule 344(f)(7), R.C.P.

■ II. We are in general agreement with the second and third propositions advanced by plaintiffs and relied upon by them for affirmance of the trial court. Clearly, a dominant landowner is entitled to drain surface water in the natural water course, but cannot substantially increase or change the manner or method of drainage to the injury of a servient owner. Also, where surface water has affixed in certain course, its flow cannot be interrupted to the injury of an adjoining proprietor and equity will enjoin the obstructing of such natural flow of water when necessary to prevent irreparable harm. For the general rule in this regard, see Rosendahl Levy v. Iowa State Highway Comm., 171 N.W.2d 530 (Iowa 1969) and cases there cited, at p. 536.

We are faced here, however, with a novel situation. In answer to a special interrogatory the jury in this case found that the injury for which it returned money damages to the plaintiffs was not caused by the existence of the dike along the fenceline to the north of plaintiffs' property. The record is silent as to whether the special interrogatory was submitted at the instance of plaintiffs, the defendant, or on the court's own motion.

Irrespective of the finding of the jury as trier of fact, as above set out, the court proceeded apparently on its own motion to order and decree relief of an injunctive nature requiring defendant to remove the very dike which was referred to in the special interrogatory. This obviously required the court to make an independent finding and conclusion on its own, which is and was at complete variance with the fact finding of the jury.

■ For the court to so find and decree without any intervening showing, we feel constitutes an abuse of the trial court's discretion.

III. Obviously, neither plaintiffs nor defendant were disposed to raise any questions as to whether the answer to the interrogatory was inconsistent with the general verdict. The money judgment, as is stated in the appellant's reply brief, was paid in to the clerk's office and in all likelihood found its way to the plaintiffs. From our reading of the record, and our relating of the exhibits which were certified to us to the record, we feel the jury was justified in finding that the damages to the plaintiffs' land was occasioned by other elements of causation than the dike which was by the court in its order of June 5, 1969, ordered to be removed. The jury might have been justified in finding from the record that the damages to plaintiffs' land were caused by the opening of the terraces and the diverting of water from the terraces through and along the plowed furrow to the lands of the plaintiffs, and that consequently the dike did not divert water causing the damages to the driveway complained of by the plaintiffs.

IV. Rule 320, R.C.P. provides:

"An injunction may be obtained as an independent remedy by an action in equity, or as an auxiliary remedy in any action. In either case, the party applying therefor may claim damages or other relief in the same action. An injunction may be granted as part of the judgment; or may be granted by order at any prior stage of the proceedings, and is then known as a temporary injunction."

We do not question the authority of trial court, in a proper case, to grant auxiliary relief by way of injunction as it did in this case. We are unwilling, however, to place our imprimatur upon the procedure adopted by trial court in this matter. The granting of injunctive relief on either an ex parte or sua sponte basis by the trial court some six and one-half months after the verdict of the jury and without notice or hearing or other showing as to causation, appears to us to have been unwarranted, and we conclude trial court fell into error when it entered its order of June 5 directing the removal of the dike under all of the circumstances of this case.

Obviously the court looked to the proof of damages already inflicted, rather than at the restraining of actual or threatened injury to plaintiffs' rights. Injunction is primarily a preventive remedy and looks to the future rather than to the past and is not used to punish wrongful acts already committed. Hygrade Food Products v. United States, 8 Cir., 160 F.2d 816; Iowa Natural Resources Council v. Van Zee, 261 Iowa 1287, 1292, 158 N.W.2d 111, 115; Dobrovolny v. Reinhardt, 173 N.W.2d 837, 841 (Iowa 1970).

Our reversal here is without prejudice to plaintiffs to seek injunctive relief on proper notice and hearing in this same cause. We cannot, however, condone the procedure followed by trial court as detailed above.

Based upon all of the foregoing, the order, judgment and decree of the trial court is reversed.

Reversed.