Tillie M. GREEN, Appellee,

v.

ADVANCE HOMES, INC., Appellant.

No. 62657.

Supreme Court of Iowa.

June 18, 1980.

Rand S. Wonio of Lane & Waterman, Davenport, for appellant.

David A. Millage of Tucker Law Office, Bettendorf, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, REES, HARRIS and ALLBEE, JJ.

REES, Justice.

Advance Homes, Inc., appeals from the judgment of the district court requiring it to submit a plan to provide lateral support for farmland owned by plaintiff, Tillie M. Green, contending the plaintiff's petition and proof provided an inadequate basis for such relief and that the trial court erred in overruling its motion to dismiss for failure to prove damages. We find some merit in defendant's contentions, reverse the judgment of the district court and remand the case for further proceedings.

Green's petition was filed on December 10, 1976, and listed Advance Homes, Inc., and the City of Bettendorf as defendants. It alleged that a road excavation project undertaken by the defendants had deprived her farmland adjacent to the road of lateral support. Division II of the petition was dismissed on the City of Bettendorf's motion due to inadequate notice under section 613A.5, The Code 1975. Only Advance Homes remained as a defendant.

Paragraph nine of division I of Green's petition contained the following allegation: "That the Plaintiff has suffered injury to its land and fencing in the sum of $5,209.95 plus additional damage in the amount of $48,000.00 to provide a concrete wall for adequate lateral support that has been removed." Also, at the conclusion of the petition, the following relief was prayed for:

WHEREFORE, Plaintiff prays for a judgment in the sum of $53,209.95 for damages to her real property or have her land returned to its natural state and condition prior to the grading and excavation by artifical means of support and restoration of the boundary fence to its condition prior to the excavating.

On April 12, 1978, the trial court ruled on defendant's motion for adjudication of a point of law, concluding that the allegation of $48,000.00 in damages to provide a retaining wall was an improper measure of damages and could not be recovered, citing *Richardson v. City of Webster City*, 111 Iowa 427, 431, 82 N.W. 920, 922 (1900), for the proposition that the proper measure of damages is the decline in the market value occasioned by the loss of support, provided such an amount is not greater than the cost of restoration. Plaintiff was then allowed to amend her petition to seek $6,312.95 in damages, an amount which the trial court found to be the cost of regrading and refencing the land, in addition to the value of the land which would be rendered untillable by the grading. The only reference to the petition in the motion was to paragraph nine of division I. No mention was made of the damages sought in the prayer for relief. Although the amount sought in paragraph nine of division I of the original petition was equivalent to the amount requested in the prayer, the prayer did not specifically seek $48,000.00 to construct a retaining wall and was thus not directly subject to the court's adjudication of law point.

The plaintiff did not present any evidence regarding the market value of the farmland, but did present evidence of the cost of replacing fencing damaged by the subsidence of plaintiff's property. At the close of the plaintiff's case, and again after both parties rested, Advance moved to dismiss plaintiff's petition in that there was no competent evidence in the record by which the court could measure damages. Rulings on these motions were reserved by the trial court.

After trial, the district court entered its findings, conclusions and decree on September 25, 1978, finding the plaintiff entitled to recover $820.00 in damages and ordering the defendant to submit a plan for restoring lateral support to plaintiff's land. From this judgment Advance took an appeal to this court.

We find resolution of the following issues necessary to the disposition of this appeal:

(1) Is the judgment of the trial court requiring the defendant to submit a plan for maintaining the lateral support of plaintiff's property a final judgment for purposes of appeal to this court?

(2) Do the petition and the trial record support the award of injunctive relief to the plaintiff?

(3) Should the defendant's motion to dismiss have been sustained when the plaintiff made no showing of a change in the market value of the property?

I. While the parties have not raised the issue, we will briefly discuss the finality of the district court judgment from which this appeal was taken as it relates to our jurisdiction under Iowa Rule of Appellate Procedure 1. An order must be final when an appeal is taken pursuant to Iowa R.App.P. 1. *E. g., Decatur-Moline Corp. v. Blink*, 283 N.W.2d 347, 349 (Iowa 1979). If the trial court's judgment is not final, defendant's appeal must be dismissed.

■ The standard generally applicable in determining the finality of judgments under Iowa R.App.P. 1 was recently stated in *In re Marriage of McCreary*, 276 N.W.2d 399, 400 (Iowa 1979):

> A ruling is not final when the trial court intends to do something further to signify its final adjudication of the case. *Flynn v. Lucas County Memorial Hospital*, 203 N.W.2d 613, 614–15 (Iowa 1973). When a ruling specifically provides for subsequent entry of a final judgment or decision, the ruling itself is not a final judgment or decision. *Crowe v. DeSoto Consolidated School District*, 246 Iowa 38, 40, 66 N.W.2d 859, 860 (1954).

This standard is not without exception. A case, for purposes of appeal, may have more than one final order. *Iowa Public Service Co. v. City of Sioux City*, 254 Iowa 22, 28, 116 N.W.2d 466, 469 (1962); *Enslow v. Miner*, 228 Iowa 1117, 1121, 293 N.W. 516, 519 (1940). Such an initial final order must establish the substantial rights of the parties and place beyond the issuing court the power to return the parties to their original positions. *See Lyon v. Willie*, 288 N.W.2d 884 (Iowa 1980); *Johnson v. Johnson*, 188 N.W.2d 288, 293 (Iowa 1971).

■ Here the judgment and decree of the district court settles the relative rights of the parties, leaving only the particulars of the equitable relief to be worked out.

By requiring Advance to supply a plan for the lateral support of plaintiff's property before concluding its involvement, the court was placing the parties in a position from which they could not be returned to their prelitigation positions. Thus although an additional judgment and decree is contemplated, this judgment does fit into the aforementioned exception to the general rule and is a final judgment from which an appeal may be taken. Concluding that this controversy is properly before us, we will now address the merits of this appeal.

II. Advance first challenges the award of injunctive relief to Green, contending there was no prayer for such relief and that the trial record does not justify or support the relief granted. We find some merit in its position and reverse the judgment of the trial court.

■ The appellant initially contends that no equitable or injunctive relief was sought in the plaintiff's petition.[1] This position is apparently based on the assumption that the only prayer for relief in the petition was appended to division II, which was dismissed on motion by the City of Bettendorf. Our examination of the petition leads us to a different conclusion. The prayer for equitable relief does follow division II, but is set off and not a numbered paragraph as would be expected if it were an integral part of the division. Admittedly, Advance's position is somewhat supported by the ambiguous amendment to Green's petition revising the requested damages which made reference only to paragraph nine of division I. Yet the equitable relief was requested in the prayer as an alternative to damages and was not the subject of the adjudication of law points which led to the amendment. The fact remains that the sole prayer for relief did seek the restoration of lateral support: " . . . or have her land returned to its natural state and condition prior to the grading and excavation by artificial means of support and restoration of

---

1. That this action was brought at law does not prevent the award of equitable relief if properly pled and proved. Iowa R.Civ.P. 320; *see Jenkins v. Pedersen*, 212 N.W.2d 415, 420 (Iowa 1973).

the boundary fence to its condition prior to the excavating." We conclude that there is a sufficient basis in Green's petition to support the relief awarded, which was nothing more than that prayed for.

A determination that plaintiff's petition sought equitable relief could result in a de novo review by this court. *See Braverman v. Eicher,* 238 N.W.2d 331, 334 (Iowa 1976); *Kriener v. Turkey Valley Community School District,* 212 N.W.2d 526, 530 (Iowa 1973). The fact that injunctive relief was sought is not dispositive of whether an action is at law or in equity, as an injunction may issue in any action. *See* Iowa R.Civ.P. 320. Here monetary damages were sought in the alternative to equitable relief, an approach combining legal and equitable remedies. Additionally, Advance's basic objection to the equitable award is that such relief comes as a surprise and involved considerations which it did not have an opportunity to litigate. In light of the relief sought by the plaintiff and the nature of the error claimed by the appellant, we conclude that this case is best treated as one at law which may be remanded for further proceedings in the event error is found. *Cf. Gosha v. Woller,* 288 N.W.2d 329, 330–32 (1980) (remanding case for consideration of amendment of petition to contain a theory not pled but on which evidence had been received and judgment rendered). We also note the existence of precedent for remanding a case sounding in equity to determine the propriety of injunctive relief where the record on appeal is inadequate. *Kriener,* 212 N.W.2d at 537.

Advance next contends that the trial record does not provide a basis for the award of injunctive relief, alleging that no evidence was presented on the adequacy of alternative legal remedies, or of the relative impact of an award of injunctive relief on the parties, during plaintiff's case in chief which would have apprised it of these issues and provided a basis for the trial court's ruling. We find merit in these contentions, requiring reversal of the trial court's judgment.

The decision of whether to grant injunctive relief lies in the discretion of the trial court, *Braverman v. Eicher,* 238 N.W.2d at 335, but, as an extraordinary remedy, injunctive relief should issue only when the party seeking relief has no adequate remedy at law. *O. K. Tire and Rubber Co. v. Oswald,* 166 N.W.2d 749, 751 (Iowa 1969). The relative hardship which would be incurred by the parties upon the award of injunctive relief should be weighed by the court. *E. g., Johnson v. Pattison,* 185 N.W.2d 790, 797 (Iowa 1971); *Riter v. Keokuk Electro-Metals Co.,* 248 Iowa 710, 725–27, 82 N.W.2d 151, 158–62 (1957); *see generally* R. Hillman, *Contract Remedies, Equity, and Restitution* § 2.7 (1980).

Advance argues that even assuming that equitable or injunctive relief is sought in the petition, the record does not supply an adequate basis for the findings requisite to the issuance of injunctive relief. We are unable to find substantial evidence in the record from which the trier of fact could conclude that the plaintiff did not have an adequate remedy at law. Green's case in chief consisted largely in establishing the loss of lateral support and proving the value of replacing damaged portions of fence and the costs in regrading her property to compensate for the lost lateral support. While several expert witnesses were called, at no time was the relative adequacy of monetary damages or the necessity of a retaining wall discussed. Additionally, the trial court made no determination regarding the relative hardship which would devolve upon the parties if injunctive relief were granted, as we found appropriate in the aforementioned cases. We hold that the trial court abused its discretion in ordering injunctive relief on this record. We therefore reverse and remand this case for further proceedings at which time the parties may litigate the necessity and if necessary, the scope of injunctive relief. *See Kriener,* 212 N.W.2d at 538.

In so doing we do not pass upon the merits of the ultimate issues, although we note that injunctive relief has issued to

maintain lateral support, upon the necessary showings, when the loss of support results in a continuing nuisance or threat of irreparable damage. *See Gladin v. Von Engeln,* 195 Colo. 88, 94, 575 P.2d 418, 422–23 (1978) (injunctive relief appropriate where no damages are awarded for future subsidence); *Gorton v. Schofield,* 311 Mass. 352, 358–59, 41 N.E.2d 12, 15–16 (1942); *Bradley v. Valicenti,* 185 Pa.Super. 403, 407, 138 A.2d 238, 239–40 (1958); *Tortolano v. Difilippo,* 115 R.I. 496, 501–02, 349 A.2d 48, 51–52 (1975); *see also* 5 P. Powell, *The Law of Real Property,* § 701 (rev. ed. 1979); 2 G. Thompson *Commentaries on the Modern Law of Real Property* § 418 (1961 repl.). Damages for specific injuries incurred may also be awarded. *Conley v. Warne,* 236 N.W.2d 682 (Iowa 1975); *Kreiner v. Turkey Valley Community School District,* 212 N.W.2d at 537.

Had the plaintiff's prayer for relief sought only monetary damages, her recovery would be limited by the formula set forth in *Richardson v. City of Webster City.* Having decided that equitable relief was sought in Green's petition, we agree with the trial court that, as to the pleadings, this case is indistinguishable from *Braverman v. Eicher.* For the aforementioned reasons we conclude that the award of injunctive relief is not supported by this record and remand this action to allow the parties to litigate the propriety of injunctive or other relief.

III. Our resolution of the second issue renders resolution of the last issue unnecessary. Equitable relief having been prayed for and specific damages shown, plaintiff's failure to prove the market value of the property before and after the alleged removal of lateral support was not fatal to her recovery. The trial court did not abuse its discretion in so ruling.

IV. In conclusion we hold: (1) the judgment and decree of the district court is final for the purposes of maintaining a direct appeal to this court; (2) plaintiff's petition does contain a prayer for equitable or injunctive relief; and (3) due to the lack of evidence in the record regarding the adequacy of alternative legal remedies and the failure of the court to weigh relative burdens which injunctive relief would place upon the parties, the trial court abused its discretion in granting injunctive relief on this record. We therefore reverse the judgment of the district court and remand this case for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.